## UNITED STATES v. NICHOLS.
### Cr. No. 370.

United States District Court
W. D. Arkansas, Hot Springs Division.
May 8, 1950.

954

R. S. Wilson, United States Attorney, Fort Smith, Arkansas, Charles A. Beasley, Jr., Assistant United States Attorney, Fort Smith, Arkansas, for plaintiff.

C. Floyd Huff, Jr., Hot Springs, Arkansas, for defendant.

JOHN E. MILLER, District Judge.

On December 7, 1949, Mrs. I. J. Weston appeared before the United States Commissioner at Hot Springs, Arkansas, and executed an affidavit for the issuance of a search warrant, which affidavit reads in part as follows: "I, the affiant, Mrs. I. J. Weston, hereby state on oath that I was on Nov. 16, 1949, late in the afternoon I was at this said Nichols home, went inside thereof with my husband, I saw Mrs. Lillian Nichols pour out from a gallon jug a half pint of non tax paid whiskey and gave same to my husband and he paid her for same; this jug she took from under her eating table; that she placed said jug, which was a transparent glass jug, back under the table; and I know there was whiskey in (it) when she put it back under the table. I have in the past been in said house many times and have seen non tax paid distilled spirits in said house in such glass jugs; which I have often seen her sell to others and take money therefor; and I am sure that such whiskey is still in such house."

A warrant was issued authorizing the search of the home of the defendant. The search disclosed 6½ gallons of distilled spirits in containers to which were not affixed stamps denoting the quantity contained and evidencing payment of all Internal Revenue taxes. Subsequently, the grand jury returned an indictment in two counts, charging defendant with (1) having in her possession and custody the distilled spirits without said stamps affixed to the containers, and (2) concealing said distilled spirits.

Thereafter defendant filed motion to quash affidavit for search warrant and search warrant and to suppress evidence obtained thereunder. As grounds for her motion defendant alleges: "That the said search and seizure was illegal in that the Affidavit for Search Warrant made by the aforesaid Mrs. I. J. Weston on the 7th day of December 1949 does not state facts sufficient to constitute probable cause, and the Search Warrant which was issued and predicated thereon is necessarily void, and of no effect."

The Fourth Amendment to the Constitution of the United States provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation,

* * *." And, Rule 41(c), Rules of Criminal Procedure, 18 U.S.C.A., provides: "A warrant shall issue only on affidavit sworn to before the judge or commissioner and establishing the grounds for issuing the warrant. If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant * * *."

■ The search of a private residence is a serious matter. It was so regarded at the time of the adoption of the Fourth Amendment, which was designed to afford protection against unreasonable searches. This right of protection of the home has never and must not be lightly regarded by the courts, and they have always been diligent to uphold the right whether it enures to the benefit of the innocent or guilty. As expressed in Sgro v. United States, 287 U. S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260, 85 A.L.R. 108: "The proceeding by search warrant is a drastic one. Its abuse led to the adoption of the Fourth Amendment, and this, together with legislation regulating the process, should be liberally construed in favor of the individual."

■ The results of the search are, of course, immaterial and may not be considered. Byars v. United States, 273 U.S. 28, 29, 47 S.Ct. 248, 71 L.Ed. 520. Also, since a "warrant shall issue only on affidavit sworn to * * *", the court must look solely to the affidavit of Mrs. Weston and determine if the facts disclosed thereby constituted probable cause for the issuance of the search warrant at the time of its issuance. It might be noted in passing that it is common knowledge that this defendant and her husband have been convicted in the past of similar offenses, and this in all probability was well known by the Alcohol Tax Unit Officer and the Commissioner, but this would not abrogate or diminish the right secured to the defendant by the Fourth Amendment against unreasonable searches, and the enforcement officer was required to furnish and the Commissioner to act upon facts of sufficient probative effect to meet the requirements of probable cause in this as in any other case.

Defendant's motion, under Rule 41(e) (4), Rules of Criminal Procedure, presents this question: Was there probable cause for believing the existence of the grounds on which the warrant was issued?

■ The existence of non-existence of probable cause depends upon the facts of the particular case, Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; Lowrey v. United States, 8 Cir., 161 F.2d 30, 35, and although there is of necessity no exact test, in general it may be said that "if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant", Dumbra v. United States, 268 U.S. 435, 441, 45 S.Ct. 546, 549, 69 L.Ed. 1032.

Referring, then, to the affidavit in this case, it appears that the affiant accompanied her husband to the home of the defendant on November 16, 1949, where her husband purchased from defendant a half pint of non tax paid whiskey which was poured from a gallon jug. Affiant also states that she had been in defendant's house in the past and had seen defendant sell non tax paid whiskey to others.

The defendant attacks this affidavit as being insufficient to establish probable cause for the belief that the defendant, on December 7, 1949, had in her possession and custody non tax paid whiskey in two particulars: (1) that the last visit of affiant to the home of defendant, November 16, 1949, was too remote in time, and (2) that the affidavit amounts to a conclusion of the affiant that defendant had at the time such whiskey at her home.

■ Unquestionably the facts in the affidavit must reveal and the Commissioner must find that probable cause exists at the time for the search, as distinguished from some time previous thereto. Thus, the Supreme Court in condemning the issuance of a second search warrant after the first had not been executed within the time required by the statute involved, National Prohibition Act, 41 Stat. 305, 27 U.S.C.A., without separate proof of probable cause

therefor, said in Sgro v. United States, supra: "The statute in terms requires him before issuing the warrant to take proof of probable cause. This he must do by examining on oath the complainant and his witness and requiring their affidavits or depositions. The proof supplied must have appropriate relation to the application for the new warrant and must speak as of the time of the issue of that warrant. The commissioner has no authority to rely on affidavits which have sole relation to a different time and have not been brought down to date or supplemented so that they can be deemed to disclose grounds existing when the new warrant is issued. The new warrant must rest upon a proper finding and statement by the commissioner that probable cause then exists. That determination, as of that time, cannot be left to mere inference or conjecture."

▇ In the instant case there was a lapse of 21 days from the date of the observance by the affiant and the date of the affidavit, and while the court realizes that this in itself is not conclusive of the question, for it is not mere lapse of time that condemns an affidavit and search warrant but lack of probable cause, yet, it is a proper element for consideration in resolving the question. And, the greater the lapse of time the more important it becomes. See, annotation in 162 A.L.R. 1406, for discussion of cases the facts of which reveal varying periods of time between the observance and the affidavit.

Defendant relies upon the case of Siden v. United States, 8 Cir., 9 F.2d 241, 243, in which the court condemned a search warrant based upon an affidavit made 12 days after an isolated sale. In its opinion, the court said, 9 F.2d at page 243: "Nor did the isolated fact that Mr. Miller bought three drinks of moonshine whisky from the defendant at the clothing store on November 19, 1922, establish probable cause to believe that on December 1, 1922, the defendant was unlawfully in possession of intoxicating liquor at that place, and his affidavit states no other facts tending to establish such probable cause. * * * But the facts disclosed by the affidavits on which this search warrant rests are altogether too scant and inconsequential to warrant the legal conclusion of probable cause or the issue of the warrant, * * *."

▇ If the affidavit in this case revealed only an isolated sale 21 days before the date of the affidavit, the court would have no difficulty in resolving the question. However, "in testing the sufficiency of the affidavit, it is entitled to be read as a whole", Lowrey v. United States, supra [161 F.2d 33], and affiant states that "I have in the past been in said house many times and have seen non tax paid distilled spirits in said house in such glass jugs; which I have often seen her sell to others and take money therefor * * *." If it might fairly be said that the entire affidavit sufficiently reveals a continuing business, rather than a mere isolated sale, it obviously would lend more weight to a belief that since the defendant had non tax paid whiskey in her home on November 16, 1949, she had non tax paid whiskey there on December 7, 1949. But, affiant does not state how many times she was present when defendant sold whiskey to others; does not attempt to state the approximate dates; does not state the quantity of whiskey observed; nor does she give any particulars about the previous transactions. And, without laboring the point, the court is convinced that the facts disclosed here are "altogether too scant and inconsequential" to constitute probable cause for believing that defendant had non tax paid whiskey in her possession on December 7, 1949, 21 days after a gallon jug had been observed by affiant, and the court feels compelled to resolve the question in favor of the individual, the defendant.

The court wishes to emphasize that it is not criticizing or censuring the enforcement officials or the Commissioner. Neither can it say exactly what the minimum requirements of probable cause are. It is simply deciding that these facts are not sufficient. With the facts disclosed by Mrs. Weston's affidavit, the officers could have conducted an investigation to check and strengthen the affidavit.

▇ It is unnecessary to consider the other contention of defendant, but it may be noted in passing that the statement in

the affidavit, "and I am sure that such whiskey is still in such house" is a conclusion rather than a statement of fact, and as such would, if it were necessary to consider the matter, be disregarded.

Therefore, in accordance with the above, the motion of defendant to quash the affidavit for search warrant and search warrant and to suppress the evidence should be sustained, and an order to that effect will be entered.