143 N.J. Super. 476 (1976)
363 A.2d 909
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BURTON BLAUROCK, AND RUBY BLAUROCK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 7, 1976.
Decided August 10, 1976.
*478 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. C. Judson Hamlin, Middlesex County Prosecutor, attorney for appellant (Mr. Richard A. Feldman, Assistant Prosecutor, on the brief).
Messrs. Mayo & Shihar, attorneys for respondents.
PER CURIAM.
The State appeals, upon leave granted, from an order suppressing evidence obtained on a search authorized by warrant.
The affidavit upon which the warrant issued was sworn and subscribed by a police officer. It was dated February 20, 1975. It catalogued as sources of the information related therein: (a) other patrolmen of the police department of the same municipality, (b) a records bureau of the police department of a neighboring municipality and (c) an investigation and surveillance directed by the affiant. The information contained in the affidavit, and particularly the surveillances, clearly permitted an entirely reasonable inference that least upon some of the days of the reported surveillance defendants, lessees of Apartment E7A of the Pinetree Apartments, were participating in the illegal possession and distribution of marijuana in and from that apartment. We commence by saying that were it not for the question of "staleness," which troubled the judge below and determined his decision, there would have been no doubt about the propriety of the warrant.
However, the last reported surveillance was on February 2, 1975 and the affidavit and warrant followed by 18 days. This prompted the judge below to deny the legality of the warrant, and to say in a brief written opinion:
In the case at bar there was no attempt in the affidavit to set forth facts upon which the issuing judge could have determined at the time of the authorization of the search warrant that there was probably [sic] cause.
*479 Conjecture that the surveillance continued down to the date of the application for the search warrant and disclosed sufficient reasons for issuing the search warrant is not sufficient.
We disagree and reverse.
Nobody questions the proposition that probable cause to justify the issuance of a search warrant must exist at the time the warrant is issued. Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932). But, as is pointed out in United States v. Harris, 482 F.2d 1115 (3 Cir.1973),
* * * The question of the staleness of probable cause depends more on the nature of the unlawful activity alleged in the affidavit than the dates and times specified therein. * * * [at 1119]
With respect to the issue of staleness, the question which the judge must answer on the motion to suppress is no different from that which confronts the issuing officer: do all the circumstances exhibited to him reasonably conduce to a belief that the law was being violated at the time the warrant issued? And this, irrespective of time lapse, except as time lapse is one of the considerations aimed at the ultimate conclusion. The part which time lapse thus plays was neatly expressed in United States v. Johnson, 461 F.2d 285 (10 Cir.1972):
* * * [I]t should be noted that the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts relied upon and the issuance of the affidavit. Together with the element of time we must consider the nature of the unlawful activity. Where the affidavit recites a mere isolated violation it would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time. However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant. [at 287]
In this required overview of all the circumstances, the common sense approach championed in State v. Boyd, 44 N.J. 390, 392-393 (1965), uninhibited by unrealistic technical *480 concerns, should be applied. United States v. Johnson, supra, describes the test as contemplating "the practical considerations of everyday life," and as one "of common sense." 461 F.2d at 287.
So here. We have no doubt at all that, among other things, (1) the nature of the activity described, which on one of the surveillances was constituted by the packaging of large quantities of "green vegetation matter" into small plastic bags for more than an hour and fifteen minutes, together with (2) the location of such activity and heavy visitor traffic inescapably related to it by detailed circumstances on at least one date subsequent to the packaging surveillance, (3) in this regularly leased apartment, justify as entirely reasonable the conclusion that a crime was being committed and its commission most probably was continuing at the time the warrant was issued.
Reversed.