Denscelle Lee Massey WHITE *v.*
STATE of Arkansas

CR 76-202                                      545 S.W. 2d 641

Opinion delivered January 31, 1977
(Division II)

*Gary M. Vinson*, of *Highsmith, Tatum, Highsmith, Gregg &
Hart*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Jack T. Lassiter*, Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant was charged with burglary and grand larceny in connection with the alleged theft of certain items from a grocery store. On trial to a jury he was found guilty and sentenced to 15 years for burglary with a fine of $7,500 and to 5 years for grand larceny with a fine of $5,000, the sentences to run consecutively.

On appeal the only point relied upon for reversal is the court erred in failing to grant appellant's motion to suppress evidence obtained as a result of an unlawful search.

The State contends the items were properly admitted because appellant consented to the search. At the hearing on the motion to suppress evidence Deputy Sheriff St. Clair testified he went to appellant's home with Billy Quillman, appellant's employer, to question him about the burglary of the Quillman home. St. Clair stated he asked appellant, "Do

you mind if I search your house?" Appellant replied in the negative. St. Clair also testified he was wearing his gun and appellant recognized him as a policeman.

Quillman, a witness for the State, verified St. Clair's testimony as to the alleged consent but noted he thought appellant was pretty drunk at the time. Although Deputy St. Clair testified appellant seemed to have control of his faculties, he admitted appellant was placed in the drunk tank to spend the night. It was undisputed that the alleged consent of appellant was obtained some time after midnight, about one o'clock in the morning, and that appellant had a strong odor of alcohol on his breath. St. Clair went to appellant's home at Quillman's request, and although appellant was a suspect no search warrant was sought; appellant was not asked to sign a consent form; and appellant was not advised he did not have to consent to the search.

Appellant testified he worked most of the day at Billy Quillman's and started drinking about one o'clock that afternoon. After he left work he went next door to Willard Wilson's house, where they drank "some whiskey and beer and some more whiskey and beer." Appellant was asked if he recalled Deputy St. Clair's asking to search the house. Appellant replied:

> No, I don't. The only thing I remember is somebody hollering and Mr. St. Clair in the door and the only other thing I remember is the man pulling his gun and putting it in my face, it was a chrome plated .38.

In *Bumper* v. *North Carolina*, 391 U.S. 543, 88 S. Ct. 1788, 20 L. Ed. 2d 797 (1968), the Court stated:

> When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, *freely and voluntarily given*. This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority. * * * (Italics supplied.)

The Court in *Judd* v. *United States*, 89 U.S. App. D.C. 64,

190 F. 2d 649 (1951), stated:

> . . .[S]uch a waiver or consent must be proved by *clear and positive testimony*, and it must be established that there was no duress or coercion, actual or implied. (Citing cases.) (Italics supplied.)

When we consider all the circumstances in connection with the alleged consent here we are unable to say the State met its burden of proving consent freely and voluntarily given by clear and positive testimony. Therefore the evidence obtained in the search should have been suppressed.

Reversed and remanded.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.