## Hilario Maxcil RODRIQUEZ *v.* STATE of Arkansas

CR 77-50 559 S.W. 2d 925

### Opinion delivered January 16, 1978
### (In Banc)

*Canales & Barrera,* Alice, Texas, for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was charged with possession of marihuana for the purpose of delivery. The State's proof showed he was arrested while driving through Arkansas with a U-Haul trailer containing a large quantity of marihuana. The jury returned a verdict of guilty, fixing the sentence at ten years. For reversal the appellant argues that his motion to suppress the evidence found in the trailer should have been granted and that the trial court erred in finding that appellant consented to a search of the trailer.

The arrest occurred in Clark county. On May 14, 1975, the Arkadelphia police received a computer printout from State Police Headquarters in Little Rock. The message stated that, according to information from "the border patrol," a convoy of three vehicles occupied by Mexican-Americans was traveling from Mexico across Arkansas. The first vehicle was said to be a decoy, the second to contain a large amount of marihuana, and the third to be an armed guard vehicle. The only available description was that the third vehicle had a four-wheel drive.

At 7:00 o'clock the next morning the police at Prescott and Arkadelphia received an oral radio message from the State Police at Hope. That message said that a convoy corresponding to the one described by the border patrol had passed Hope on Interstate 30. One of the vehicles had crossed the scales at the weigh station there, while the other two slowed down and waited for it. The message described the first vehicle as a two-ton silver truck pulling a U-Haul trailer, the second as a brown vehicle pulling a U-Haul trailer, and the third as a green two-ton truck with a canvas tarp over it.

Various police units converged upon three vehicles traveling on Interstate 30 near Arkadelphia. The first, a van pulling a U-Haul trailer, was about a mile ahead of the other two and, as it now appears, was not actually part of the convoy. The second was a brown car, pulling a U-Haul trailer and being driven by the appellant, who appeared to be a Mexican. The third, containing what appeared to be Mexicans, was a green two-ton truck with a canvas cover over it.

None of the vehicles had a four-wheel drive or contained arms.

The officer who stopped the appellant, Rodriquez, patted him down for weapons, examined his Texas driver's license, and eventually opened the trunk of the car with a key provided by Rodriquez. Upon discovering in the trunk what appeared to be a large amount of marihuana the officer placed Rodriquez under arrest.

The officer testified that after telling Rodriquez the officers were looking for marihuana, he asked Rodriquez if he might search the vehicle. According to the officer, Rodriquez voluntarily produced the key. That testimony was disputed by Rodriquez, who denied having consented to the search. According to Rodriquez, he asked whether the officer had a search warrant. The officer patted his gun and said that was all the search warrant he needed.

Under our holding in *White* v. *State,* 261 Ark. 23, 545 S.W. 2d 641 (1977), we cannot sustain the trial court's finding that Rodriquez voluntarily consented to the search. At the time he was apparently surrounded by armed police officers. We pointed out in *White* that the State has the burden of proving that consent was freely and voluntarily given. "This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority." We went on to say that consent must be proved by clear and positive testimony. It must also be shown there was no duress or coercion, actual or implied. Here the proof of consent cannot be said to be clear and positive, nor can it fairly be said that there was no implied coercion.

Upon the principal point in the case the appellant argues that no probable cause for his arrest was shown, because the State did not call a member of the border patrol as a witness to prove that its information was reliable. The State replies that, on the basis of the messages that had been received, the police officers had probable cause to stop Rodriquez on the highway and to search the car.

We readily agree that officers in one locality are justified in acting upon messages received from officers in another

locality. Upon a related point it was said in *Whiteley* v. *Warden,* 401 U.S. 560 (1971):

> We do not, of course, question that the Laramie police were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest.

See also *Klingler* v. *United States,* 409 F. 2d 299 (8th Cir. 1969).

In the case at bar, however, the question is not whether the officers had probable cause to stop Rodriquez. Rather, the question is whether the State can rely solely upon the hearsay contained in the police messages as a complete answer to the defendant's motion to suppress evidence found by the officers. Upon that issue we fully agree with the position taken by the New York Court of Appeals in a similar case, *People* v. *Lypka,* 36 N.Y. 2d 210, 366 N.Y.S. 2d 622, 326 N.E. 2d 294 (1975):

> But where on a motion to suppress, a challenge [to the action of the receiver of the police message] is made, the presumption of probable cause that originally cloaked that action disappears from the case. . . . At that point, bare reliance on an unsubstantiated hearsay communication from the instigating officer or department will not suffice for probable cause. . . . Ultimately, to sustain their burden at the suppression hearing . . . the People must demonstrate that the sender or sending agency itself possessed the requisite probable cause to act. . . .

> Here, though, at the suppression hearing there was no proof whatsoever that the Pennsylvania authorities possessed the necessary probable cause to support a search for weapons and stolen property. It follows that

the resulting search by the New York authorities was not sustained by the proof. [Citations omitted.]

Thus in the case at bar the motion to suppress the evidence should have been sustained. Inasmuch as the State may be in a position to supply the necessary proof upon a new trial, the cause will be remanded.

Reversed and remanded.

HOWARD, J., not participating.