### 20935

The STATE, Respondent, v. Bernard WINBORNE, Appellant.

(254 S. E. (2d) 297)

*James W. Boyd,* York, *for appellant.*

*Staff Atty. Buford S. Mabry, Jr.,* Columbia, *for respondent.*

April 16, 1979.

LITTLEJOHN, Justice:

Bernard Winborne was tried by a jury and convicted of possession of less than an ounce of marijuana, first offense, under §§ 44-53-190(d) 10, 44-53-110 and 44-53-370(c), (d) 2-3, *Code of Laws of South Carolina* (1976). At trial his attorney moved to suppress the State's evidence, because the search warrant used to obtain the evidence was based on an affidavit that did not state the time at which the informant observed the evidence on the premises.

At the close of the State's case, counsel moved for a directed verdict on the grounds that there was no competent evidence to support a guilty verdict. Counsel's motion was denied. From that ruling and the conviction, he has appealed.

The validity of the conviction hinges on propriety of the search and seizure.

In the officer's affidavit he said he suspected the defendant because of:

"Information received from a confidential and reliable informant known to me for more than five years and have given good and reliable information in the past to the effect that he has seen the above mentioned drugs at 207 Whitgreen Apt, in the possession of Bernard Winborne."

In order for an affidavit in support of a search warrant to show probable cause, it must state "facts so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time." 68 Am. Jur. (2d) 724 *Searches and Seizures* § 70. An affidavit which fails altogether to state the time of the occurrence of the facts alleged is insufficient. Anno., "Search Warrant: Sufficiency of showing as to time of occurrence of facts relied on," 100 A.L.R. (2d) 527, § 3 (1965). The reason for this rule is that probable cause, with time, dissipates. Except for the rule:

"the conduct of the citizen throughout the entire period of his past life would furnish grounds for continuous and repeated searches of his premises, if, perchance, he had been guilty during that period of harboring on his premises contraband articles . . ."

*Bently v. Commonwealth,* 239 Ky. 122, 38 S. W. (2d) 963 (1931); *accord, Rosencranz v. United States,* 356 F. (2d) 310 (1966).

The officer said the informant "has seen" drugs in the apartment. That phrase indicates only that the drugs were seen on at least one occasion in the past. It gives no indication of how long ago the drugs were seen. It could have been many years ago.

Both the South Carolina General Assembly and this court have recognized the importance of the time element in search and seizure cases. Section 17-13-140 of the 1976 Code provides:

"Any warrant issued hereunder shall be executed and return made only within 10 days after it is dated."

In *State v. Baker,* 251 S. C. 108, 160 S. E. (2d) 556 (1968), which was decided before the adoption of the statute, this court said:

"We are of the opinion that the search warrant had, by reason of the 42 day unexplained delay, become stale and ineffective as a matter of law."

There being no controlling statute at the time, this court in effect held that a search warrant had to be executed within a reasonable time, depending upon the circumstances. By a similar token, we think that evidence should be seen by an informant within a reasonable time before the issuance of the warrant. The time should be sufficiently short to justify the conclusion that the evidence is likely still at the place where it was seen. Since there is no evidence from which a magistrate or this court can determine how long ago the evidence was seen, the affidavit was defective, and the evidence should have been suppressed.

Since it is undisputed that the evidence discovered under the warrant was essential to the State's case, we order that a verdict of acquittal be entered.

We need not deal with the other alleged errors, since under the double jeopardy clause of the United States Constitution, a directed verdict precludes retrial of a criminal defendant. *Fong Foo v. United States,* 369 U. S. 141, 82 S. Ct. 671, 7 L. Ed. (2d) 629 (1962).

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.