STATE OF NEW JERSEY, PLAINTIFF, v.
JEREMY SAGER, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided June 6, 1979.

40

*Mr. Frank J. Curtis,* Acting Assistant Prosecutor, for plaintiff (*Mr. Neil S. Cooper,* Special Deputy Attorney General, Acting Prosecutor, attorney).

*Mr. Gaetano M. De Sapio,* designated counsel, for defendant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

D'ANNUNZIO, J. S. C. Defendant, indicted for possession of 317.92 grams of marijuana with intent to distribute,

moves to suppress evidence consisting of marijuana and drug paraphernalia seized pursuant to a search warrant issued on March 24, 1977.

The record reveals that on January 18, 1977 Detective James H. Conover of the New Jersey State Police applied for a warrant to search defendant's apartment. The application was supported by Detective Conover's affidavit, also dated January 18, 1977. Detective Conover's affidavit recited that "during the past five weeks" an informant who had proved reliable in the past had purchased a quantity of heroin at defendant's apartment in Lambertville. The affidavit also noted that Detective Conover had "observed during the past month" a number of known narcotics users enter defendant's apartment and that the State Police Bureau of Identification records revealed that defendant had been arrested four previous times for violations of the Controlled Dangerous Substances Act. Based on Detective Conover's application and affidavit, the warrant issued the same day. However, it was never executed due to the fact that Detective Conover was suddenly transferred to a murder investigation.

On March 24, 1977 Sergeant John Cooper, of the Lambertville Police Department, applied for a warrant to search defendant's apartment. The application was supported by Sergeant Cooper's affidavit which was in six paragraphs. The first four paragraphs were a restatement of Detective Conover's affidavit of January 18. Paragraph five recited that on February 9, 1977 Patrolman Dennis Kendig of the Lambertville Police Department had official business at defendant's premises and that paragraph adopted by reference Patrolman Kendig's attached police report of that date. Paragraph six stated that on March 15, 1977 Patrolman Kendig had another occasion to go to defendant's premises "at which time he observed in plain view a quantity of suspected marijuana." Paragraph six also adopted by reference the attached report of Patrolman Kendig dated March 15, 1977.

The municipal judge issued a search warrant on March 24, 1977. After it was executed, the judge filed the warrant, inventory and all other papers connected therewith with the county clerk. *R.* 3:5–6. The clerk's search warrant file regarding this matter contains the application for the search warrant consisting of Sergeant Cooper's affidavit, Patrolman Kendig's two reports and also the executed affidavit of Detective Conover dated January 18, 1977. It is clear that in issuing the warrant of March 24, 1977 the judge relied on the January 18, 1977 affidavit of Detective Conover.

Defendant argues that the March 24 warrant was improperly issued on stale information. He also argues that the procedure regarding the issuance of that warrant was defective because the issuing judge relied on Detective Conover's original affidavit, therefore, the March 24 warrant was actually a reissue of the January 18 warrant which had expired after ten days. *R.* 3:5–5. Defendant relies on *Sgro v. United States,* 287 *U. S.* 206, 53 *S. Ct.* 138, 77 *L. Ed.* 260 (1932).

In *Sgro* the Supreme Court reversed a District Court's denial of the defendant's request to restrain the use of evidence procured under an allegedly invalid search warrant. The warrant had issued on July 6, 1926 based upon an affidavit. The warrant was not executed during the ten-day period required by the applicable statute and had therefore expired. Upon expiration the warrant was returned to the issuing commissioner, who changed its date from July 6 to July 27. The government contended that the redating and reissuing of the warrant were valid. The Supreme Court disagreed holding that the procedure followed was improper.[1]

---

[1]The Supreme Court was construing a statute 18 *U. S. C. A.* § 611 which governed the issuance of federal warrants, and the decision was not expressly founded on constitutional considerations. Nevertheless, this court assumes that a warrant older than ten days, in addition to violating the ten-day requirement of *R.* 3:5–5, would

The issue of a second warrant is essentially a new proceeding which must have adequate support. The fact that it is a second warrant gives the commissioner no privilege to dispense with the statutory conditions. These cannot be escaped by describing the action as a reissue. If the warrant is the old one, sought to be revived, the proceeding is a nullity, and if it is a new warrant, the commissioner must act accordingly. The statute in terms requires him before issuing the warrant to take proof of probable cause. This he must do by examining on oath the complainant and his witness and requiring their affidavits or depositions. The proof supplied must have appropriate relation to the application for the new warrant and must speak as of the time of the issue of that warrant. (287 *U. S.* at 211, 53 *S. Ct.* at 140, 77 *L. Ed.* at 263)

The case at bar is factually distinguishable from *Sgro*. The issuing judge did not merely change the date of an old warrant so as to avoid the ten-day time limitation required by *R.* 3:5–5. To the contrary, he had before him a new application which, although relying on Detective Conover's January affidavit, also supplemented that affidavit by Sergeant Cooper's affidavit which restated Detective Conover's information, and also adopted by reference the fruits of Patrolman Kendig's investigations. It appears that defendant at a minimum would have had Detective Conover re-execute his January affidavit to bring its date of execution closer to the date of the actual issuance of the March warrant. To elevate that ministerial act to one of constitutional necessity would truly constitute the celebration of form over substance since the redating and re-signing of the affidavit would not make the information contained therein more or less recent or more or less relevant.

Defendant sharpens the focus of his attack when he contends that a fresh affidavit executed by Detective Conover would constitute necessary reaffirmation of the continued reliability of the informant. Defendant contends that the police could have received information since January 18

---

implicate the constitutional guarantees against unreasonable searches and seizures. *Cf. State v. Carangelo,* 151 *N. J. Super.* 138 (Law Div. 1977).

establishing the informant's unreliability, information which they could avoid presenting to the judge by relying on the prior affidavit which was true as of the date of its execution. Defendant's argument fails for several reasons. Reliance on the informer was only part of the information supporting the warrant. The police had physical evidence in the form of heroin duly analyzed and identified by the State Police Laboratory. Probable cause was also supported by Detective Conover's personal observation of known narcotics users frequenting defendant's apartment as well as by defendant's record of arrests for drug violations. Furthermore, Sergeant Cooper's affidavit reaffirmed the reliability of the informer. Reduced to its fundamentals, defendant's argument is an attack on the credibility of the affidavits with the aid of an imaginative hypothetical. A similar attack was rejected in *State v. Petillo*, 61 *N. J.* 165 (1972), where the court held that constitutional guarantees against unreasonable searches are satisfied if a judge decides that the sworn allegations in an affidavit establish the required probable cause:

When such proof is presented the judge is trusted to evaluate the legal sufficiency of the sworn facts to support such a determination and the credibility of the affiant in asserting them. Undoubtedly, if the judge has any doubts or suspicion on the matter of credibility, he may require additional proof or subject the affiant to further examination. But if he is satisfied on both scores, and the facts do make a sufficient showing of probable cause, then the legal propriety of the issuance of the warrant ought to be beyond further question. [at 173–174]

Under these circumstances reliance by the issuing judge on Detective Conover's January 18 affidavit for the issuance of the second search warrant was not an improper procedure. The real issue is whether the March 24 warrant was issued on stale information.

The core question when staleness is raised in an attack upon a search warrant was simply stated in *State v. Blaurock*, 143 *N. J. Super.* 476, 479 (App. Div. 1976), as follows: "* * * do all the circumstances exhibited * * *

reasonably conduce to a belief that the law was being violated *at the time the warrant issued?"* (emphasis supplied).

Detective Conover's January 18 affidavit provided the basic information upon which the issuance of the March warrant rested. Without it, it is likely that the warrant would have been improperly issued. Detective Conover's affidavit was made two months and one week before the second warrant issued. His affidavit established a pattern of visits to the premises by known narcotics users. It also established the purchase of heroin at the premises during this same period. During the approximately nine-week period between the affidavit and the issuance of the warrant, the situation certainly could have changed. The premises could have been discontinued as a location for the distribution of drugs. Indeed, the persons who occupied the premises could have vacated the apartment during the interim. Had Detective Conover's affidavit not been supplemented by the reference to Patrolman Kendig's reports of February 9, 1977 and March 15, 1977, this court would be constrained to hold that Detective Conover's information relative to the issuance of the March search warrant was indeed stale. However, Patrolman Kendig's investigative reports, when read in conjunction with Detective Conover's prior information, confirm the continued occupation of the premises by the subjects of Detective Conover's investigation, defendant and one George Donahue, as well as the continued presence of a controlled dangerous substance in the apartment. The effect of Patrolman Kendig's reports, which were attached to and adopted by reference as part of Sergeant Cooper's affidavit, was to update Detective Conover's information so as to reasonably conduce one to a belief that the law was being violated at the time of Patrolman Kendig's observation.[2]

---

[2]Defendant has not contended that Patrolman Kendig's reports, as hearsay, could not be relied upon for the issuance of the warrant. See *State v. Ebron*, 61 *N. J.* 207 (1972), and *State v. Kur-*

■ Although the warrant did not issue until ten days after Patrolman Kendig's last investigation, all the information before the judge on March 24 supported a legitimate inference that illegal activities, *i. e.*, either the distribution or possession of controlled dangerous substances, were taking place on a continuous basis from December 1976 through March 15, 1977. In light of that continuous activity by the occupiers of the subject premises, it was not unreasonable to conclude that the activities would also exist 11 days after the last surveillance.

The motion to suppress is denied.

---

*land*, 130 *N. J. Super.* 110 (App. Div. 1974) involving informer's hearsay and citizen-witness hearsay.