Lyndell Ray SCROGGINS *v.* STATE of Arkansas

CR 79-218                                          595 S.W. 2d 219
Supreme Court of Arkansas
Opinion delivered March 17, 1980

*John W. Achor,* Public Defender, by: *James H. Phillips,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Mary Davies Scott,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of aggravated robbery in violation of Ark. Stat. Ann. § 41-2102 (Repl. 1977). He bases his appeal upon the denial of his motion to suppress evidence which he claims was the result of an illegal warrantless search of his vehicle. He was sentenced to 35 years as a habitual offender.

The only question on appeal is whether the trial court erred in overruling the motion to suppress. We think the trial court was correct.

The facts are not materially in dispute. About 8:00 p.m. on March 17, 1979, the Payless Shoe Store on Asher Avenue in Little Rock was robbed. A few minutes later the police received a report that the blue Chevrolet pickup, bearing Arkansas licence HUY 529, used as the getaway vehicle was parked on a parking lot at the Amble Inn. The officers arrived at the parking lot at 8:07 p.m. Upon inquiry, it was determined that appellant and another man arrived in the vehicle and were playing pool inside the Amble Inn. The officers approached the two men and took them outside where they were searched and arrested.

The only testimony presented at the hearing on the motion to suppress was that of Detective John Hutchinson of the Little Rock Police Department. His undisputed testimony reveals appellant was given his Miranda warning, but he was not informed that he had the right to refuse consent to the search of his vehicle. The detective stated he sought permission to search the vehicle which was parked and locked. In answer to the officer's request to search the truck the appellant replied, "I don't care. Go ahead." No other evidence was presented at the hearing on the motion to suppress.

There are some situations in which a warrantless search may be justified. First, a search incident to arrest, *Gordan* v. *State,* 259 Ark. 134, 529 S.W.2d 330 (1976); second, the so-called "automobile exception," *Cady* v. *Dombrowski,* 413 U.S.

433, 93 S. Ct. 2523, 37 L. Ed. 2d 706 (1973); third, when consent is given. *Harvey* v. *State,* 261 Ark. 47, 545 S.W.2d 913 (1977). Knowledge of the right to refuse consent to search is not a requirement to prove the voluntariness of consent, *McGuire* v. *State,* 265 Ark. 621, 580 S.W.2d 198 (1979). Specifically, a Miranda warning is not required before a warrantless search is conducted, *Dixon* v. *State,* 260 Ark. 857, 545 S.W.2d 606 (1977).

We recognize that the state has the burden of proving by clear and positive testimony that consent to a search was freely and voluntarily given and there was no actual or implied duress or coercion, *Rodriquez* v. *State,* 262 Ark. 659, 559 S.W.2d 925 (1978). In the present case, we feel that the uncontradicted statement of Officer Hutchinson meets this requirement. Therefore, we uphold the trial court in overruling the motion to suppress.

Affirmed.