## James VANDERPOOL *v.* STATE of Arkansas

CR 82-31                                              633 S.W.2d 374

Supreme Court of Arkansas
Opinion delivered May 24, 1982

*Thomas A. Martin, Jr.,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Jack W. Dickerson,* Asst. Atty. Gen., for respondent.

ROBERT H. DUDLEY, Justice. The issue in this case is whether an affidavit for a search warrant must contain a statement that the facts alleged are based either on personal observation or on inferences deduced by the affiant or on hearsay. The affidavit is the sole basis upon which the search warrant was issued and our ruling is limited to that fact situation. The trial court held that the affiant need not assert

the manner of obtaining the stated information and allowed into evidence the contraband seized under authority of the search warrant. Petitioner was then convicted of manufacturing a controlled substance in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1981). The Court of Appeals affirmed in *Vanderpool* v. *State*, 4 Ark. App. 76, 628 S.W.2d 576 (1982). We granted certiorari to review an apparent conflict in our cases. Rule 29 (1) (c).

It is the constitutionally required function of the judicial officer before whom search warrant proceedings are held to make an independent and neutral determination, based on the facts proven, of the existence of probable cause for the search. *Aguilar* v. *Texas*, 378 U.S. 108 (1964); *Miller* v. *State*, 269 Ark. 341, 605 S.W.2d 430 (1980). The only proof given to the issuing magistrate in this case was the affidavit and it does not state whether the affiant observed the contraband or whether he obtained the information from a third person.

In *Bailey* v. *State*, 246 Ark. 362 at 365, 438 S.W.2d 321 (1969), we stated:

If an officer swears there is contraband at a particular address there are three possibilities for the basis of his conclusion:

(1) The officer has seen the illegal object or objects. In that event his affidavit should assert personal observation; or,

(2) The officer "observed or perceived facts from which the presence of the equipment may reasonably be inferred. In that event the affidavit must recite the perceived facts so that the magistrate may judge the existence of probable cause"; or,

(3) The officer has obtained the information from someone else, for example, an informer. In that event the warrant should not issue unless good cause is shown in the affidavit (or supporting testimony) for crediting that hearsay.

That reasoning is still perfectly valid. A magistrate must determine the reliability of the assertion in the affidavit before deciding the existence of probable cause. In order to weigh reliability the magistrate must know whether the assertion is from personal observation, perceived facts or hearsay. Thus, the basis of the assertion must be stated in the affidavit in those cases where the sole evidence is the affidavit. We reverse the Court of Appeals on this issue and remand the case for a new trial.

If a magistrate determines that an affidavit is insufficient the defect can easily be cured, if the affiant has the required good cause, by putting the affiant under oath and allowing him to testify or else allowing him to execute a supplemental affidavit under oath.

The Court of Appeals, in reaching the opposite result, relied on a sentence in our case of *Schneider* v. *State*, 269 Ark. 245, at 252, 599 S.W.2d 730 (1980) which states that any statement of fact, made as such, must be taken to be within the personal knowledge of the affiant. In *Schneider*, supra, the affiant, a detective, stated that he had personal knowledge of the illegal drug traffic in the area and that he maintained a file upon informants and their credibility. The affiant then recited:

On February 3, 1979 (today) I spoke with William Rhodes and Phillip Bruce. Attached is a statement signed by Rhodes and which he stated to Prosecuting Attorney Ron Fields under oath that all the facts contained therein were true. (See attached statement Appendix A). Also on this date Phillip Bruce called Schneider at 782-2459 and she stated that she had a quantity of marijuana that she would sell to him at 6:30 P.M. this date. This call was recorded and the tape is attached as appendix B.

Bruce stated that the buy was to take place at her house (1800 S. 16th, Ft. Smith).

The magistrate listened to the recorded telephone conversation before issuing the search warrant. In affirming

the case based on that factual situation we held that any statement of fact, made as such in the affidavit as distinguished from the exhibits attached to the affidavit, must be taken to be within the knowledge of the affiant. The sentence in *Schneider,* supra, should be read in its proper context. However, to prevent misunderstanding, the sentence is disapproved to the extent it might conflict with today's opinion.

The evidence introduced in this case was seized as the result of searches of a cabin and of an open field. The search of the open field was permissible without a warrant, *Ford* v. *State,* 264 Ark. 141, 569 S.W.2d 105 (1978), but the search of the cabin required a warrant and the warrant, in turn, required a valid affidavit.

Because we reverse and remand for a new trial on the issue of failure to state personal observation, we do not reach the other points decided by the Court of Appeals.

Reversed and remanded.