Patty CARDOZO and Christine PAIGE
*v.* STATE of Arkansas

CA CR 82-158                           646 S.W.2d 705

Court of Appeals of Arkansas
Opinion delivered February 23, 1983

*Marc G. Kurzman* and *William R. Wilson, Jr.,* for appellants.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. In this case, after the trial court denied appellants' motion to suppress evidence obtained by an allegedly defective search warrant and their motion to suppress evidence obtained by a warrantless search behind appellants' house, appellants were adjudicated guilty of manufacturing a controlled substance, marijuana, in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1981). Appellants were sentenced to four years in prison and placed on probation under suspended sentence.

For reversal, appellants contend, first, that the affidavit for the search warrant was fatally defective for lack of reference to the time of the affiant's observations, and they contend, secondly, that marijuana found behind appellants' house was improperly seized because it was found as a result of a warrantless search without consent. We find no merit to appellants' contentions and we affirm the judgment of the trial court.

Sheriff Ray Watkins and Deputy Sheriff Larry Whitney arrived at the property of appellants about noon on August 29, 1981 pursuant to a search warrant issued August 28, 1981. The affidavit upon which the search warrant was based was signed by Sheriff Watkins and described the location of the property in detail. The sheriff stated that he had received a report that there was marijuana growing on the property, and then related that he went to the area and found twenty or

so marijuana plants growing along with corn and other vegetables. The affiant made no reference as to when his observations were made.

Appellants' first point for reversal poses the narrow question of whether the affidavit for the search warrant adequately revealed the time of the sheriff's observations, so as to justify the issuing judge in concluding that probable cause existed at the time the warrant was issued. Apparently the question has not been addressed by an Arkansas court, but there are guidelines furnished in cases from other jurisdictions. Some courts have concluded, under certain factual situations, that the failure to state when the alleged facts occurred is fatally defective. *Pierson* v. *State,* 338 A.2d 571 (Del. 1975); *Thomas* v. *State,* 353 S.2d 54 (Ala. App. 1977).

The facts in an affidavit for a search warrant must be current. The issuing magistrate must be able to reasonably infer the existence of probable cause at the time of the issuance. *Andresen* v. *Maryland,* 427 U.S. 463 (1976). In *State* v. *Sager,* 404 A.2d 52 (N.J. Super. 1979), the court stated:

> The core question when staleness is raised in an attack upon a search warrant was simply stated in *State* v. *Blaurock,* 143 N.J. Super. 476, 363 A.2d 909, 910 (App. Div. 1976), as follows: ' .... do all the circumstances exhibited ... reasonably conduce to a belief that the law was being violated *at the time the warrant issued?*'

In determining whether a search warrant has been issued on probable cause, the results of the search are immaterial and may not be considered. *U.S.* v. *Nichols,* 89 F.Supp. 953 (E.D. Ark. 1950).

In the instant case, the trial judge believed it was reasonable to infer that the events related in the affidavit occurred on the same day the affidavit was dated, and there is justification for that belief. The affiant stated that he had reasonable grounds for believing marijuana was being grown at the described location on the date he signed the

affidavit, and then stated why: that he had personally observed the growing plants.

The growing of marijuana is an illegal activity of a continuing nature, and the magistrate could take note that August 28, the date the affidavit was made, was within the growing season for marijuana, as well as corn and other vegetables. In *State* v. *Loucheim,* 250 S.W.2d 630 (N.C. 1979), the court dealt with the issue of staleness and stated:

> The ultimate criterion in determining the degree of evaporation of probable cause, however, is not case law but reason. The likelihood that the evidence sought is still in place is a function not simply of watch and calendar but of variables that do not punch a clock: The character of the crime (chance encounter in the night or regenerating conspiracy?), of the criminal (nomadic or entrenched?), of the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), of the place to be searched (mere criminal forum of convenience or secure operational base?), etc. . . .

In *United States* v. *Dennis,* 625 F.2d 782 (8th Cir. 1980), the Court stated:

> If, because of delay in applying for a warrant, the information in the affidavit is stale, probable cause may be diminished. *Andresen* v. *Maryland, supra,* 427 U.S. at 478, N. 9, 96 S. Ct. at 2747. But the delay is not considered separately. The length of the delay is considered together with the nature of the unlawful activity. *United States* v. *Johnson,* 461 F.2d 285, 287 (10th Cir. 1972). And they are considered in the light of common sense. *Id.* Hence, in *United States* v. *Johnson,* a three-week delay did not undermine probable cause where the illegal distilling was an ongoing business, rather than a mere isolated violation. *Id.* In *Andresen* v. *Maryland,* a three month delay did not undermine probable cause because the warrants were for business records that were likely to be maintained for a long time. *Supra,* 427 U.S. at 478, N. 9, 96 S. Ct. at 2747.

In order to grant appellants' motion to suppress the evidence obtained by the search, it would have been necessary for the trial court to abandon the common sense rule laid down by the Arkansas Supreme Court in *Baxter* v. *State*, 262 Ark. 303, 556 S.W.2d 428 (1977), in which the court quoted with approval the following excerpt from *U.S.* v. *Ventresca*, 380 U.S. 102 (1965):

> . . . If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. . . .

Hence, we find that the trial judge's denial of the motion to suppress evidence was not an abuse of discretion.

Additionally, we find that appellants' second point is without merit. When we view the evidence in the light most favorable to the appellee, the state, the following events transpired at the time the search warrant was executed. Upon arrival at the site of the growing plants, located in a rural, heavily forested area, the officers encountered appellants and appellant Paige's ten-year-old daughter. Appellants informed the officers that two women had lived in a teepee near the garden area, but that the women had left and the F.B.I. was looking for them. The officers were told that appellants lived in a cabin down the hill, and when the officers asked if they could check to see if the two missing women were down there the appellants said they could. Appellant Paige's daughter disappeared, but she was on the porch of appellants' cabin when the officers and appellants arrived there. Upon reaching the cabin, appellants were advised of their rights which they indicated they understood. The officers were told that the missing women had been gone for six weeks, however, the garden had been recently tended. The officers were given permission by the appellants to look inside the house and to "look around." When the deputy sheriff went around the cabin, he observed cut marijuana plants on top of a ladder behind the cabin.

It is not an unreasonable search for an officer to move into a position where he has a legal right to be and look for things he may have reason to believe will be seen. *Kelley* v. *State*, 261 Ark. 31, 545 S.W.2d 919 (1977). Deputy Whitney had a right to be where he was. Appellants had given the officer permission to look around, and there was uncontradicted testimony that appellants were not intoxicated or otherwise incapable of giving consent. See *White* v. *State*, 261 Ark. 23, 545 S.W.2d 641 (1977). In *Scroggins* v. *State*, 268 Ark. 261, 595 S.W.2d 219 (1980), the court stated:

> Knowledge of the right to refuse consent to search is not a requirement to prove the voluntariness of consent. *McGuire* v. *State*, 265 Ark. 621, 580 S.W.2d 198 (1979). Specifically, a *Miranda* warning is not required before a warrantless search is conducted, *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).
>
> We recognize that the state has the burden of proving by clear and positive testimony that consent to a search was freely and voluntarily given and there was no actual or implied duress or coercion, *Rodriquez* v. *State*, 262 Ark. 659, 559 S.W.2d 925 (1978). . . .

At the time Deputy Whitney walked to the rear of the cabin, the officers had reason to suspect that the two missing women may have been in the area, and that appellant Paige's daughter had gone to warn them. The only incriminating statement previously made by the appellants was that one of the appellants owned the property. The finding by the trial court that the officers were given consent to not only search the cabin, but to "look around" the house, and that there was no duress or coercion, is not clearly against the preponderance of the evidence.

Affirmed.

COOPER, GLAZE and CORBIN, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. While I do not disagree with the majority opinion as it relates to the evidence obtained through the warrantless search, I respectfully dissent from that portion of the opinion which affirms

the trial court's refusal to suppress the evidence obtained through the search warrant. The affidavit for the search warrant described the property in question and showed that the affiant, Sheriff Ray Watkins, had personally observed marijuana growing on the property. However, there was no information whatsoever contained in the affidavit as to when Sheriff Watkins observed the growing marijuana. I believe this is a fatal defect, and that the evidence seized should have been suppressed.

The majority disposes of this issue by finding that the municipal judge could have inferred that the events related in the affidavit occurred on the date the affidavit was signed. I disagree. Since the affiant had personally observed the growing marijuana plants, the majority opinion reasons that the magistrate had reasonable grounds for believing that marijuana was being grown at the described location on the date the affidavit was signed. The majority, I believe, has gotten the cart before the horse. The alleged illegal activity, according to the face of the affidavit, could have occurred weeks, months, or even years earlier. To use the conclusory statement by the affiant, i.e., that he believes there is marijuana on the premises on the day he signed the affidavit, as a justification for believing that he observed it on that day, is simply bootstrapping. Obviously an affiant is going to believe that contraband is located on the premises at the time he signs the affidavit, or at least, that the contraband will be present shortly thereafter. This is true in virtually every case. If that justifies the issuance of this search warrant, then from and after the date of this opinion, there will simply be no requirement that time be alleged in affidavits for search warrants.

In *Coyne* v. *Watson,* 282 F.Supp. 235 (S.D. Ohio 1967), *aff'd,* 392 F.2d 585 (6th Cir.), *cert. denied,* 393 U.S. 951 (1968), the district court stated:

> With respect to the deficiency in "time," it must be conceded that the affidavit must contain something affirmatively indicating that there is probable cause at or about the time the search warrant is applied for. If it be on personal knowledge, there should be some

indication of the officer's personal knowledge now; or if it be based on hearsay, there should be some indication that the information was imparted to the affiant at or shortly before the time of the application and that the information indicated probable cause *now*, not five or six days or months ago. [citation omitted].

The case of *United States* v. *Neal*, 500 F.2d 305 (10th Cir. 1974), involved information provided to the police by an informer. The information was at least three months old, and the court found that the affidavit contained no information from which it could be inferred that the criminal activity continued, or that the contraband remained on the premises. The district court stated:

Probable cause existing at some time in the past will not suffice unless circumstances exist from which it may be inferred that the grounds continued to the time the affidavit was filed. *Sgro* v. *United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); [footnote omitted] *Durham* v. *United States*, 403 F.2d 190 (9th Cir. 1967); *Rosencranz* v. *United States, supra; People* v. *Siemieniec*, 368 Mich. 405, 118 N.W.2d 430 (1962), 100 A.L.R.2d 522, Anno. 525; 3 Wright, Federal Practice and Procedure, par. 662 at 23, par. 670 at 91 (1969).

Although undated information may be closely interrelated with dated information so as to allow an inference that the events alleged took place in close proximity to the dates given, *United States* v. *Holliday*, 474 F.2d 320 (10th Cir. 1973), undated information with no specific clues as to time is inadequate to justify a finding of probable cause. *United States* v. *Salvucci*, 599 F.2d 1094 (1st Cir. 1979), rev'd and remanded on other grounds, 448 U.S. 83 (1980).

In *United States* v. *Boyd*, 422 F.2d 791 (6th Cir. 1970), the court dealt with an affidavit which alleged that there was being concealed certain contraband "now". In vacating the conviction, the court said:

But when the date of that observation is not supplied to the Commissioner under oath, the door is opened to

inference of a present offense based on stale information. Generally, the courts have refused to uphold warrants based — or possibly based — on stale information. [citations omitted]

While it is true that the cases cited above contain language which appears to allow inferences as to the time of the alleged criminal activity, it is clear that those inferences must be tied to other factual and dated allegations contained in the affidavit before they may be considered sufficient to constitute probable cause for the issuance of a search warrant. In the case at bar, the majority concludes that, because of the "common sense" rule laid down by the Arkansas Supreme Court in *Baxter* v. *State*, 262 Ark. 303, 556 S.W.2d 428 (1977), which quoted *United States* v. *Ventresca*, 380 U.S. 102 (1965), the affidavit in the instant case should be held sufficient. However, this exact issue was dealt with in *Rosencranz* v. *United States*, 356 F.2d 310 (1st Cir. 1965). The Court dealt with the question of whether *Ventresca* compelled or permitted the upholding of an affidavit which lacked any averment as to when the affiant received information from an anonymous informant, or as to the time when the affiant actually detected the alleged illegal activities. In *Rosencranz*, the district court dealt with *Ventresca*, and held, as does the majority in the case at bar, that the information received from the informant "must reasonably be construed as speaking as of the date of the affidavit, for the present tense is used." The Court of Appeals reversed, holding that the affidavit was insufficient because it did not contain sufficient allegations as to the time when the observations were made. The court, in so holding, stated:

> We conclude that a combination of undated, conclusory information from an anonymous source and an undated general allegation of personal observation by the affiant, with no other reasonably specific clues to the time of their happening, is inadequate.

Further, the court stated:

> It is one thing to expect the magistrate to give a commonsense reading to facts set forth and to draw

inferences from them. It is quite another thing to expect the magistrate to reach for external facts and to build inference upon inference in order to create a reasonable basis for his belief that a crime is presently being committed.

Several state court decisions have reached the same result. *See McCray* v. *State,* 50 Ala. Crim. App. 143, 277 So.2d 418 (1973); *People* v. *Padilla,* 182 Colo. 101, 511 P.2d 480 (1973); *Pierson* v. *State,* 338 A.2d 571 (Del. 1975); *Bachelor* v. *State,* 143 Ga. App. 442, 238 S.E.2d 579 (1977); *Latten* v. *State,* 127 Ga. App. 75, 192 S.E.2d 562 (1972); *State Ex Rel. Townsend* v. *District Court of Fourth Judicial District,* 168 Mont. 357, 543 P.2d 193 (1975); *Morris* v. *State,* 617 P.2d 252 (Okla. Crim. App. 1980); *State* v. *Winborne,* 273 S.C. 62, 254 S.E.2d 297 (1979). *See also* Annot., 100 A.L.R.2d 527 (1965). Although there have been more cases on this question since the A.L.R. annotation, it is worthwhile to note the beginning paragraph of the annotation where it is stated:

> While the courts agree ·that an affidavit must contain an express statement of the time of the occurrence of those facts relied upon as supporting the issuance of a search warrant, this rule is apparently so well recognized that few cases contain a positive statement to this effect.

The reason, at least to me, the rule is so obvious to most courts, is that probable cause dissipates with time. As stated in *State* v. *Winborne, supra,* if the affidavit fails to state the time of the occurrence of the facts alleged, then

> The conduct of the citizen throughout the entire period of his past life would furnish grounds for continuous and repeated searches of his premises, if, perchance, he had been guilty during that period of harboring on his premises contraband articles. . . .

Finally, I must point out that neither I, nor the majority, have found any Arkansas case which has ruled on the precise point presented in the case at bar. However, I find the decision of the Arkansas Supreme Court in *Vanderpool*

v. *State,* 276 Ark. 220, 633 S.W.2d 374 (1982) persuasive. In *Vanderpool,* the affiant did not make any statement in his affidavit as to whether he personally had observed the contraband or whether the information had been obtained from a third person. The Arkansas Supreme Court reversed and remanded, holding that the trial court should have suppressed the evidence because of the failure to state the source of the affiant's information. In so doing, the court stated:

> A magistrate must determine the reliability of the assertion in the affidavit before deciding the existence of probable cause. In order to weigh reliability the magistrate must know whether the assertion is from personal observation, perceived facts or hearsay. Thus, the basis of the assertion must be stated in the affidavit in those cases where the sole evidence is the affidavit. We reverse the Court of Appeals on this issue and remand the case for a new trial.
>
> If a magistrate determines that an affidavit is insufficient the defect can easily be cured, if the affiant has the required good cause, by putting the affiant under oath and allowing him to testify or else allowing him to execute a supplemental affidavit under oath.

In *Vanderpool,* the Arkansas Supreme Court held that the magistrate, and the reviewing court, may not infer the source of the information provided by the affiant. The Court further held that the source of the affiant's information must be specifically stated. How, then, can we allow the issuing magistrate to infer the *time* when the affiant gained the information in the affidavit from which a probable cause determination must be made?

I think the obligation of this Court is to make an independent determination based on the totality of all the circumstances and to resolve all doubts in favor of the rights of the individual. We should reverse the trial court on the refusal to suppress the evidence obtained by virtue of the warrant, since the ruling was clearly erroneous. *State* v.

*Tucker,* 268 Ark. 427, 597 S.W.2d 584 (1980); *Grant* v. *State,* 267 Ark. 50, 589 S.W.2d 11 (1979).

I respectfully dissent.

GLAZE and CORBIN, JJ., join in this dissent.