Joe Louis PIERSON, Defendant below,
Appellant,

v.

STATE of Delaware, Plaintiff below,
Appellee.

Supreme Court of Delaware.

Argued March 18, 1975.

Decided May 19, 1975.

Karl Haller, Asst. Public Defender, Georgetown, for defendant below, appellant.

Lawrence B. Steele, III, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY, J., and BROWN, Vice Chancellor.

DUFFY, Justice:

We here consider whether undated information in an application defects a search warrant and requires suppression of evidence seized in its execution.

### I

Defendant was convicted of burglary. At trial the fruits of the search warrant, "a sack of burglary tools" and three rings, were admitted into evidence; defendant's standing to seek suppression was established after conviction in an appeal to this Court. Pierson v. State, Del.Supr., 311 A. 2d 854 (1973).

Following a post-remand hearing, the Superior Court concluded that the ". . . affidavit when read as a whole appears sufficient to establish probable cause for the issuance of the warrant," and denied the motion to suppress. This appeal followed.

### II

It is undisputed and manifest on the face of the warrant application/affidavit that it contains no statement as to times or dates, except the date of notarization. Thus the issuing magistrate had no indication from the application as to when the information was received, when the facts as alleged by the informant occurred or, indeed, even when the offense occurred. The only hint of time is the use of the past tense by the affiant.[1]

---

1. The affidavit reads:
   "And that the facts tending to establish probable cause for believing that the foregoing grounds for the application exist are as follows:
   No. 1. That your affiant can state reliable information has been obtained from informant that has resulted in criminal prosecution on felonies in prior situations.
   No. 2. That your affiant can state informant was present when felonies were committed by Joe Lewis [sic] Pierson.
   No. 3. That your affiant can state the informant was an accomplice and took part in numerous burglaries with subject involved.
   No. 4. That your affiant can state subject, Joe Louis Pierson, gave informant part of merchandise taken from Tide Water Jewelry, Rehoboth Beach, Del.
   No. 5. That your affiant can state Joe Lewis [sic] Pierson resides at the above-stated property."

■ Clearly, the temporal omission is a "serious defect in the affidavit," Rosencranz v. United States, 1st Cir., 356 F.2d 310 (1966), for "Time is the *very essence* in search warrant cases." Walker v. State, 49 Ala.App. 741, 275 So.2d 724 (1973), cert. denied, 290 Ala. 371, 275 So.2d 732. So essential is it that the basic (and, so far as we know, unanimous) rule is that failure to state when the alleged facts occurred is fatally defective. See Annot., 100 A.L.R.2d 525, Search Warrant: sufficiency of showing as to time of occurrence of facts relied on. See, e. g., People v. Padilla, Colo.Supr., 511 P.2d 480 (1973); *Walker,* supra; McMiken v. State, 122 Ga. App. 66, 192 S.E.2d 716 (1972); Griffin v. State, Okl.Cr.App., 503 P.2d 567 (1972).

■ This is so because "The prime element in the concept of probable cause is the time of the occurrence of the facts relied upon." Fowler v. State, 121 Ga.App. 22, 172 S.E.2d 447 (1970). That concept is not artificial: probable cause must exist to believe that specified items are *presently* on the premises, and clearly that probability is lessened by the passage of time. As Chief Justice Hughes said over forty years ago: ". . . it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." Sgro v. United States, 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed.2d 260 (1932).

■ Probable cause must be based on current information, not conjecture, for stale information will not support a finding of probable cause. See, e. g., People v. Wright, 367 Mich. 611, 116 N.W.2d 786 (1962). Here, the magistrate could not even make a judgment as to staleness because there was no chronology in the affidavit.

The situation in Hare v. State, Del. Supr., 310 A.2d 631 (1973), is clearly distinguishable: there the affidavits recited the date on which the information was received and the informant's information as of that date was that defendant ". . . is receiving and recording horse bets."

■ While conceding the time deficiency in the affidavit, the State says that the magistrate had official knowledge that one of the burglaries had taken place thirty days before; earlier the same day he had issued a warrant for the arrest of defendant for the burglary in question. Hence, the argument runs, he knew that the information was at least that current and present probable cause was therefore shown. The contention is legally and logically untenable. Assuming that information thirty days old is not *prime facie* stale, the argument ignores the clear import of 11 Del.C. §§ 2306, 2307 and the pragmatic impossibility of judicial review of a magistrate's "own knowledge." Sections 2306 and 2307,[2] like Federal Criminal Rule 41(c), contemplate a "four-corners" test for probable cause; sufficient facts must appear on the face of the affidavit so that a magistrate's personal knowledge notwithstanding, a reviewing Court can verify the existence of probable cause. Thus one looks only to the "facts recited in the com-

2. 11 Del.C. provides in part:
"§ 2306. . . .
The application or complaint for a search warrant shall be in writing, signed by the complainant and verified by his oath or affirmation. It shall designate the house, place, conveyance or person to be searched and the owner or occupant thereof (if any), and shall describe the things or persons sought as particularly as may be, and shall substantially allege the cause for which the search is made or the offense committed by or in relation to the persons or things searched for, and shall state that the complainant suspects that such persons or things are concealed in the house, place, conveyance or person designated and shall recite the facts upon which such suspicion is founded.
§ 2307. . . .
If the judge, justice of the peace or other magistrate finds that the facts recited in the complaint constitute probable cause for the search, he may direct a warrant to any proper officer or to any other person by name for service. . . ."

plaint." Section 2307; 11 Del.C. § 2306. As was recently stated by the 5th Circuit in confronting a similar issue:

"The requirement that all facts relied upon by the magistrate be in a written affidavit insures that 'the reviewing court may determine whether the constitutional requirements have been met without reliance upon faded and often confused memories.'" United States v. Acosta, 501 F.2d 1330 (1974) citing United States v. Anderson, 9th Cir., 453 F.2d 174 (1971).

We agree with the *Acosta* Court that a magistrate's personal information cannot be used to save a defective affidavit.

### III

We hold that the affidavit failed to establish current probable cause, that the search warrant was therefore invalid and that the nature of the evidence precludes us from finding that its admission at trial was harmless error. The evidence seized under the warrant must be suppressed.

Reversed.