**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Ira Lee SHY, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted Jan. 31, 1977.

Decided April 29, 1977.

---

8. The Trial Court determined that rape of itself is not "harm."

George H. Seitz, III, State Prosecutor, and P. Clarkson Collins, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

Carl Schnee and Susan C. Del Pesco, of Schnee & Castle, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this wiretap case, we have for consideration the construction of the words "person, if known," as used in 11 *Del.C.* §§ 1336(h)(3)(a) [1] and (k)(2), [2] and the effect upon the validity of a wiretap authorization of a failure to identify the defendant in the application and order.

## I.

In response to the application of the Attorney General, the Superior Court issued an order authorizing the interception of wire communications of "Wilbert Moultrie and other unknown persons" from the telephone facility of Wilbert Moultrie. Alleged in the application was the use of Moultrie's telephone in the unlawful delivery and distribution of drugs.

Although the application for the interception contained several references to defendant Ira Lee Shy, he was not specifically named in either the application or authorizing order as a party whose communications were to be intercepted. On the basis of not being identified in accordance with §§ 1336(h)(3)(a) and (k)(2), the defendant moved for suppression of the intercepted communications. That motion was granted, and upon the State's certification that the suppressed evidence was essential to the prosecution of the case, the indictment was dismissed. The State filed this appeal of right. [10 *Del.C.* § 9902]. [3]

1. 11 *Del.C.* § 1336(h) provides in part that:
   "Each application for an order authorizing or approving the interception of a wire or oral communication shall be made in writing upon oath or affirmation and shall state:
   "(3) A particular statement of the facts relied upon by the applicant, including:
   "a. The identity of the particular *person, if known,* committing the offense and whose communications are to be intercepted;" (emphasis supplied)

2. 11 *Del.C.* § 1336(k) provides in part that:
   "Each order authorizing or approving the interception of any wire or oral communication shall state:
   "(2) The identity of, or a particular description of, the *person, if known,* whose communications are to be intercepted;" (emphasis supplied)

3. 10 *Del.C.* § 9902 provides as follows:
   "§ 9902. Appeal as of right.
   "(a) The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or the lack of jurisdiction of the lower court over the person or subject matter.
   "(b) When any order is entered before trial in any court suppressing or excluding substantial and material evidence, the court, upon certification by the Attorney General that the evidence is essential to the prosecution of the case, shall dismiss the complaint, indictment or information or any count thereof to the proof of which the evidence suppressed or excluded is essential. Upon ordering the complaint, indictment or information or any count thereof dismissed pursuant to the Attorney General's certification, the reasons of the dismissal shall

## II.

The language of § 1336 is clear in its mandate that only a "known" person need be identified in a wiretap application and order. Consequently, unless the defendant is deemed within that category, his failure to be named would not prove to be a violation of the Statute. Unfortunately, the term "known" is neither defined by the Statute nor has it previously been construed by this Court. The federal courts, however, have had the occasion to give meaning to that term as it is used in the similarly worded federal provisions, 18 *U.S.C.* §§ 2518(1)(b)(iv) and (4)(a). Both the State and the defendant have almost exclusively relied upon the federal precedent; and the State, in fact, concedes that the federal courts' construction of the term "known" is logical and reasonable for the purpose of interpreting the Delaware · Statute. We agree.

Under the Federal Statute, a person is "known" and, accordingly, must be named in a wiretap order, if the Government has "probable cause to believe (i) that the individual is engaged in the criminal activity under investigation and (ii) that the individual's conversation will be intercepted over the target telephone." *United States v. Donovan,* 97 S.Ct. 658, 665, 50 L.Ed. 2d 652 (1977). Accepting that construction for the Delaware Statute, the Superior Court found the requisite probable cause. Although ·the State contests that finding, alleging, *inter alia,* that the information relating to the defendant was "stale," see *Pierson v. State,* Del.Supr., 338 A.2d 571 (1975), we need not decide that issue since we hold that the mere failure to identify a "known person," in either the wiretap application or order, is insufficient to warrant the suppression of any intercepted communications.

Both the Delaware and Federal Statutes, in identical language, enumerate the specif-ic circumstances which trigger the suppression of intercepted communications:

"(1) the communication was unlawfully intercepted;

"(2) the order of authorization or approval under which it was intercepted is insufficient on its face; or

"(3) the interception was not made in conformity with the order of authorization or approval."

11 *Del.C.* § 1336(t); 18 *U.S.C.* § 2518(10)(a). Upon the facts of this case, there is no basis to imply either that the order of authorization was facially insufficient or that the interception was not made in conformity with the order. Thus, the sole issue is whether the failure to comply with the ·identification requirements of §§ 1336(h)(3)(a) and (k)(2) renders the communication "unlawfully intercepted." We think not.

Under the federal scheme, it is explicitly recognized that "[not] every failure to comply fully with any requirement in Title III [of the Omnibus Crime Control and Safe Streets Act] would render the interception of wire or oral communications 'unlawful.'" *United States v. Chavez,* 416 U.S. 562, 574–75, 94 S.Ct. 1849, 1856, 40 L.Ed.2d 380 (1974). Rather, suppression is required only for "[a] failure to satisfy any of those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of the extraordinary investigative device." *United States v. Giordano,* 416 U.S. 505, 527, 94 S.Ct. 1820, 1832, 40 L.Ed.2d 341 (1974). The federal circuit courts, however, reached diverse conclusions on the issue of whether the identification of a "known person" in the affidavit accompanying the application and the authorization order played such a substantive and central role in the regulatory system. Compare *United States v. Bernstein* (4th Cir.) 509 F.2d 996 (1975); *United*

be set forth in the order entered upon the record.

"(c) The State shall have an absolute right of appeal to an appellate court from an order entered pursuant to subsection (b) of this sec-tion and if the appellate court upon review of the order suppressing evidence shall reverse the dismissal the defendant may be subjected to trial."

*States v. Moore,* 168 U.S.App.D.C. 227, 513 F.2d 485 (1975); with *United States v. Doolittle* (5th Cir.) 507 F.2d 1368 *cert. denied,* 423 U.S. 1008, 96 S.Ct. 439, 46 L.Ed.2d 380 (1975); *United States v. Donovan* (6th Cir.) 513 F.2d 337 (1975); *United States v. Civella* (8th Cir.) 533 F.2d 1395 (1976).

In the instant case, the Superior Court chose to follow the strict compliance rule set forth in *United States v. Bernstein, supra.* Recently, however, in *United States v. Donovan,* 97 S.Ct. 658, 50 L.Ed.2d 652 (1977), the United States Supreme Court rejected the *per se* suppression approach of *Bernstein,* holding instead that:

> "Although [the statutory requirement of identifying 'known persons' is] undoubtedly important, we do not think that the failure to comply fully with [that] provision [ ] renders unlawful an intercept order that in all other respects satisfies the statutory requirements." 97 S.Ct. at 671.

And in language particularly pertinent to the instant case, the Supreme Court stated in *Donovan*:

> "Here . . . the statutorily imposed preconditions to judicial authorizations were satisfied [see 18 *U.S.C.* § 2518(3); 11 *Del.C.* § 1336(i)]; and the issuing judge was simply unaware that additional persons might be overheard engaging in incriminating conversations. In no meaningful sense can it be said that the presence of that information as to additional targets would have precluded judicial authorization of the intercept." 97 S.Ct. at 672.

We agree with these views and find them applicable in the construction of our Statute. There is no charge here of police deception.[4] The defendant has suffered no prejudice. He has received an inventory and transcript of the intercepted communications, as well as being allowed to listen to actual tapes; in short, the defendant has been treated as though he had actually been

named in the authorization order. See 11 *Del.C.* § 1336(n).

Accordingly, we hold that the suppression of the intercepted communication constituted reversible error.

---

4. In *Donovan,* the Supreme Court reserved decision on cases involving a knowing failure by police to identify a person for the purpose of keeping relevant information from a judge which might have prompted the court to conclude probable cause was lacking. See 97 S.Ct. at 672 n. 23. No such allegation was made in either *Donovan* or the present case.