# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARCO RIZZO, | ) | Cr. A. No. 1705010653 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Decided: January 26, 2018

On Defendant Marco Rizzo's
Motion to Suppress. **DENIED**.

## <u>ORDER</u>

Jenna R. Milecki, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Joseph Hurley, Esquire, Wilmington, Delaware, Attorney for Defendant Marco Rizzo.

**SCOTT, J.**

## Introduction

Before the Court is Defendant Marco Rizzo's ("Defendant") Motion to Suppress. Defendant argues that the search warrant to search Defendant's cell phone and restaurant surveillance were general warrants, vague, and overly broad. Based on the information before the Court, Defendant's Motion to Suppress is **DENIED.**

## Findings of Fact

On October 13, 2016 Delaware State Police responded to a report of possible sexual assault of a 15-year-old girl ("the victim"). The victim told police and school officials that she works at a restaurant, Restorante Marco, part time. She stated that she began working there during the summer months of 2016. She told police that the owner of the restaurant is Marco Rizzo ("Defendant") and he grabbed her buttocks while she was working, exposed and put his mouth on her breasts, and made her put her mouth on his penis when he gave her rides home from work. The victim said that this occurred both at work and in Defendant's vehicle, and she could not remember the exact number of times that this happened but that it was at least five times. She also told police that Defendant would text and call her in order to get her to come to this office, outback or whether she would be working. The victim believed that while there was video surveillance in the restaurant the Defendant knew where he was being recorded and would lure the victim to areas where there was either no surveillance or he could turn it off. Detective Myers obtained search

warrants for both the surveillance in the restaurant and Defendant's cell phone based on this information. Defendant was arrested on May 18, 2017 and indicted on August 21, 2017 on four counts of Rape Third Degree and three counts of Unlawful Sexual Contact Second Degree.

## Parties' Contentions

Defendant filed a Motion to Suppress on November 13, 2017 and a Corrected Motion to Suppress on December 12, 2017.[1] The State filed a Response on January 2, 2018. Defendant contends that the warrants which sought the video surveillance at the restaurant and Defendant's cellphone were overly broad and "was such as to cause constitutional infirmity." Defendant argues that the warrants were limitless, even though the alleged conduct was specific to the time period of June 1, 2016 through October 13, 2016. Defendant argues that the language of the search warrant did not give a time limitation and therefore "opened the door" for a limitless search of the items sought, and no nexus existed between the contents of the items searched and the complaint being investigated. Similarly, Defendant argues that the language of the warrant was vague. On the other hand, the State argues that the warrant was not overly broad or vague as it described with particularity the items to be searched and there was a clear nexus between the items seized and the crime charged. The

---

[1] The Corrected Motion to Suppress stated that Defendant's initial Motion to Suppress only discussed the surveillance cameras at issue, and the Motion applied to both the surveillance camera and Defendant's cellphone.

3

State also contends that Defendant's argument, that the lack of temporal context in the warrant makes the warrant overly broad, fails.

## Discussion

Defendant argues that there is no nexus between the contents of the cell phone and surveillance video and the complaint being investigated. "On a motion to suppress challenging the validity of a search warrant, the defendant bears the burden of establishing that the challenged search or seizure was unlawful."[2] Moreover, "a search warrant may be issued only upon the showing of probable cause."[3] This Court "must employ a 'four corners' test to determine whether an application for a warrant demonstrates probable cause."[4] "Under this test, sufficient facts must appear on the face of the affidavit so that a reviewing court can glean from that document alone the factual basis for a determination that probable cause exists."[5] "An affidavit of probable cause must contain the facts sufficient to establish probable cause within the four corners of the affidavit."[6] Additionally, "[p]robable cause exists in the affidavit when there is 'a logical nexus between the items sought and the place to be

---

[2] *State v. Sisson*, 883 A.2d 868, 875 (Del. Super. 2005).
[3] *Id.*
[4] *Id.* at 876 (citing *Pierson v. State*, 338 A.2d 571, 573 (Del. 1975)).
[5] *Id.*
[6] *State v. Monroe*, 2015 WL 721441, at *6 (Del. Super. Feb. 18, 2015)(citing *Dorsey v. State*, 761 A.2d 807, 811 (Del. 2000)).

searched'."[7] "For a logical nexus to be present, the affidavit must 'set forth facts that would permit an impartial judicial officer to *reasonably* conclude that the items sought would be found in those locations'."[8]

Defendant argues that there is no nexus between Defendant's cell phone and the surveillance system to the crimes charged. Based on the information in the affidavit, the victim indicated that some of the acts occurred in the restaurant and that Defendant would "text and call her" in order to get her "to come to the office, outback or whether she would be working." The affidavit of probable cause also states that "she believed that while there was video surveillance at the restaurant he knew where he was being recorded and would lure her to areas where it was not or he could turn it off." Defendant argues that there is no nexus between the surveillance video and the crime being investigated because the victim stated that the alleged acts occurred in areas of the restaurant without surveillance. The Court is not persuaded by this argument. The affidavit indicates that there was a surveillance system in the restaurant and Defendant would take the victim to areas where he could turn off the cameras or areas without surveillance. Merely because the victim believed that the acts happened in areas outside of surveillance does *not* negate the logical nexus between the surveillance and the complaint being

---

[7] *State v. Monroe*, 2015 WL 721441, at *6.
[8] *State v. Friend*, 2016 WL 7232170, at *7 (Del. Super. Dec. 13, 2016).

5

investigated in this case. Similarly, there is a nexus between the contents of the cell phone and the crimes charged. The affidavit states that Defendant would send the victim text messages and call the victim. Based on the four corners of the warrant a nexus between the crime charged and the items seized existed.

Additionally, Defendant argues that the warrant is overly broad because there was no temporal limit for the search. Since the Delaware Supreme Court's decision in *Wheeler*[9], the court "has cautioned against the 'substantial' risk that 'warrants for digital and electronic devices [may] take on the character of 'general warrants'."[10] The Delaware Supreme Court emphasized that search warrants "directed to digital information present unique challenges in satisfying the particularity requirement, given the unprecedented volume of private information stored on devices containing such data."[11] The State contends that Defendant's argument fails because the Delaware Supreme Court in *Wheeler* did not specifically hold that there is a temporal requirement for warrants. Additionally, the State argues that dissimilar to *Wheeler* the State had an implied temporal limit found in the affidavit of the warrant. The State argues that the affidavit of the warrant states that the victim began working at the restaurant in the summer of 2016 and the crimes occurred afterwards, and there

---

[9] *Wheeler v. State*, 135 A.3d 282 (Del. 2016).
[10] *State v. Westcott*, 2017 WL 283390, at \*3 (Del. Super. Jan. 23, 2007); *see also Wheeler*, 135 A.3d 282.
[11] *Wheeler*, 135 A.3d at 299 (citing *Riley v. California*, 134 S.Ct. 2473, 2494-95 (2014)).

6

was a "precise description of the criminal activity, including an identification of a temporal window in which the crime took place." The Court agrees with the State in that this case is dissimilar from *Wheeler*. The holding of *Wheeler* did not impose a temporal requirement for search warrants for digital devices pursuant to Delaware Law. Additionally, there are no facts presented for the Court to determine that evidence was seized outside of the time frame the alleged sexual misconduct occurred.

Finally, Defendant argues that the warrant is so vague that it is a violation of the particularity requirement. The State argues that the language in this warrant is similar to the language in a warrant at issue in *Starkey*.[12] In *Starkey* the language in the warrant "specifically limited the officer's search of the cell phones to certain types of data, media, and files that were 'pertinent to this investigation'."[13] The court held that "[t]his language effectively limited the scope of the warrants, and prevented a boundless search of the cell phones."[14] Similarly, the warrant in this case limited the cell phone search to "registry entries, pictures, images, video recordings, text messaging, writings, voice messages, user names, buddy names, screen names, telephone numbers or other evidence stored on the cellular telephone related to this

---

[12] *Starkey v. State*, 2013 WL 4858988, at *4 (Del. Sept. 10, 2013).
[13] *Id.* at *4.
[14] *Id.*

7

investigation." For the aforementioned reasons Defendant's Motion to Suppress is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.