## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **I.D.: 1911003426** |
| v. | ) |
| | ) |
| BARRY BINKLEY, | ) |
| | ) |
| Defendants. | |

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS

Defendant Barry Binkley was arrested and charged with the offense of driving under the influence ("DUI") on November 6, 2019. Mr. Binkley thereafter filed a Motion to Suppress (the "Motion") all evidence at trial, including the results of a blood test taken from Mr. Binkley to determine his blood alcohol concentration. The State opposed the Motion. For the reasons set forth below, the Court finds that probable cause supported Corporal Duffy's actions on November 6, 2019 and, therefore, the Motion to Suppress is **DENIED**.

At approximate 6:50 PM on November 6, 2019 Corporal Tracey Duffy of the New Castle County Police, arrived at the scene of a two-car motor vehicle accident in New Castle County, Delaware. The driver of a white sedan pulled out of her driveway into the path of Defendant's pickup truck. Defendant was injured in the accident and suffered broken ribs, a cracked sternum, a crushed left pinky finger and a tendon injury on his right hand. Defendant was transported to the hospital were his blood was drawn pursuant to a search warrant. Defendant's blood test showed that he had a blood alcohol concentration ("BAC") of .18. This BAC represented more than twice the legal threshold for a DUI offense in the state of Delaware.

Upon arriving at the scene Corporal Duffy observed two vehicles, a white sedan stopped on the shoulder of the roadway and a pickup truck with severe front-end damage stopped in the

roadway. Corporal Duffy determined that the pickup belonged to Defendant. Corporal Duffy observed that there was an opened can of Smirnoff's Smash Cherry Lime beverage, one bottle of Burnett's vodka and a bottle of Budweiser beer inside the pickup truck. Corporal Duffy also observed 2 opened bottles of Budweiser in the grassy area of the shoulder of the road located next to the pickup truck.

Defendant spoke with Corporal Duffy at the scene of the accident. Defendant admitted to Corporal Duffy that he had been drinking alcohol earlier in the day at approximately 3:00 p.m. This was confirmed by a passenger in Duffy's car. Corporal Duffy observed that Defendant's eyes were glassy, and she smelled an odor of alcoholic beverage. Corporal Duffy also observed that Defendant had a 3 to 4 inch laceration to the center of his forehead close to his hairline. Despite his injury, Defendant indicated that he was fine and that he did not want to go to the hospital. Corporal Duffy asked the Defendant to submit a breath sample into a portable breath test ("PBT") machine. The Defendant refused.

Based upon this information, Corporal Duffy arrested Defendant for suspicion of Driving Under the Influence. Corporal Duffy also applied for a warrant to draw blood from Mr. Binkley in order to perform a BAC test. The Justice of the Peace Court granted the warrant.[1]

A person who operates a motor vehicle on a Delaware roadway is deemed by statute "to have given consent to chemical tests, including a test of the breath to determine the presence of alcohol or drugs."[2,3] Since chemical testing constitutes a search, constitutional protections require a police officer to have probable cause to believe a person was driving while under the influence of alcohol or drugs before requiring the person submit to chemical testing.[4] To meet this standard,

---

[1] While the Court has viewed the video recordings of the investigating police officer's body camera taken during the incident, which was provided at the Court's request, it has decided this matter on the Four Corners of the Affidavit. The Court's review of the video evidence leads to the conclusion that it is consistent with and confirms the material within the Affidavit.

[2] 21 *Del. C.* §2740(a).

[3] *Jennifer L. Lefebvre v. State of Delaware,* 19 A.3d 287 (2011).

[4] *Id.*

police must "present facts which suggest, when those facts are viewed under the totality of the circumstances, that there is a fair probability that the defendant has committed a DUI offense. That hypothetically innocent explanations may exist for facts learned during an investigation does not preclude a finding of probable cause."[5] What is required is that the arresting police officer possess a "quantum of trustworthy factual information" suffice to warrant a reasonable person in believing a DUI offense has been committed.[6]

No precise formula exists for determining probable cause. Instead Delaware courts have defined and refined, through a variety of factual contexts, the boundaries of what constitutes probable cause for a DUI offense.[7]

When Corporal Duffy arrived at the scene of the accident at approximately 6:50 p.m., she observed a damaged pickup that belonged to the Defendant. Containers of alcohol and beer were located in and around Defendant's pickup truck. When he was questioned by Corporal Duffy, Mr. Binkley admitted to drinking alcohol several hours earlier, at around 3 PM. This fact was confirmed by a passenger in Binkley's car. Corporal Duffy observed that the Defendant's eyes were glassy and that there was an odor of alcohol about the defendant. Binkley also refused consent to submit a breath sample. Given all of these facts, Corporal Duffy had probable cause to believe that Defendant had been driving under the influence of alcohol and that a blood test to determine Defendant's BAC was appropriate under a totality of the circumstances.[8]

I now turn to the blood draw, which was taken after Corporal Duffy obtained a search warrant. The Defendant bears the burden of establishing that the challenged search or seizure was unlawful on a motion to suppress challenging the validity of a search warrant.[9] Delaware law

[5] *Id.*

[6] *Jennifer Lefebvre v. State of Delaware*, 19 A.3d 287, 292 (Del. 2011); *State of Delaware v. Conrad Kamwani* 2018 WL 2448110 (May 31, 2018).

[7] *Id.*

[8] *Roosevelt H. Bease v State of Delaware*, 884 A.2d 495 (Del Supr., 2005).

[9] *State of Delaware v. Sean M. Sisson*, 883 A.2d 868 (Del. Supr. 2005).

contemplates a "four corners" test for determining whether the warrant was issued upon probable cause.[10] The factual showing in the an affidavit necessary to establish probable cause is dependent on two factors (1) probable cause that a crimes was committed, and (2) probable cause to believe that evidence of the crime can be found at the place to be searched.[11] Delaware courts reviewing a magistrate's probable cause determination must consider whether the affidavit sets forth facts "permitting an impartial judicial officer to reasonably conclude that the items sought would be found at the location [to be searched.]"[12] A magistrate's finding of probable cause in this situation should be based on the totality of the circumstances.[13] Therefore, a reviewing court must ensure that the magistrate had a "substantial basis' for concluding that probable cause existed, while in the process giving "great deference" to the issuing magistrate's probable cause determination.[14]

The totality of the circumstances outlined in the warrant point to a fair probability that the Defendant drove under the influence of alcohol. Corporal Duffy stated in her affidavit that when she arrived at the scene of this two-vehicle accident she observed a pickup that belonged to the Defendant. In and around that pick up were bottles of alcohol and beer. When questioned, Mr. Binkley admitted to drinking earlier in the day at around 3 p.m. This fact was confirmed by a passenger in Binkley's car. Corporal Duffy observed that the Defendant's eyes were glassy and that there was an odor of alcoholic about the defendant. Based on the information provided in the Affidavit of Probable Cause, the magistrate had probable cause to find that the Defendant had been driving under the influence of alcohol, and that a blood draw and test to determine the Defendant's was appropriate under a totality of the circumstances. Accordingly, the Court holds that the warrant to draw blood is valid. Therefore, the Motion to Suppress is **DENIED**.

---

[10] *Joe Louis Pierson v. State of Delaware*, 338 A.2d 571 (Del. Supr., 1975), *State of Delaware v. Conrad Kamwani*, 2018 WL2448110 (May 31, 2018).
[11] *Thomas Legrande v. State of Delaware*, 947 A.2d 1103 (Del. Supr., 2008)
[12] *Id.*
[13] *Id.*
[14] *State of Delaware v. Michael A. Holden v. Lauren N. Lusby*, 60 A.3d 1110 (Del. Supr., 2013)

Defendant has also moved to suppress the blood test on the grounds that the phlebotomist who administered the test, Ms. Stokes from Omega, did not follow the instructions of the manufacturer of the DUI Blood test when drawing the Defendant's blood. If this is the case, then the blood test must be suppressed.[15] The parties have not provided any evidence on this issue at this point. The Court will defer ruling on this issue until the *voir dire* of the phlebotomist occurs at trial. As to phlebotomist issue, the Motion to Suppress is **DENIED** without prejudice.

**IT IS SO ORDERED** this 21ˢᵗ day of December 2020.

_____
Francis J. Jones, Judge

/jb
*Original to the Prothonotary*
cc:    Matthew Hicks, Deputy Attorney General
       James M. Stiller, Jr., Esquire

---

[15] *Cookie A. Hunter v. State of Delaware*, 55 A.3d 360,365-66 (Del. Supr., 2012).