# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
|    v. | ) | Case No. 2208009197 |
| | ) | |
| LAMOTTE JOHNS, | ) | |
| | ) | |
| Defendant. | ) | |

SUBMITTED: *May 26, 2023*
DECIDED: *May 31, 2023*

## <u>OPINION AND ORDER</u>

*Upon Consideration of Defendant's Motion to Suppress:*

**DENIED**

Karin Volker, Deputy Attorney General, of THE DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware, for the State of Delaware.

Michael Modica, Esquire, of THE LAW OFFICE OF MICHAEL A. MODICA, Wilmington, Delaware, for Lamotte Johns.

**JONES, J.**

## INTRODUCTION

This motion to suppress evidence brought by Defendant Lamotte Johns requires the Court to perform a "four corners" analysis to determine if the warrant that authorized the search of his residence contained sufficient probable cause on its face. For the reasons that follow, the Court finds the affidavit of probable cause was sufficient for the issuance of the warrant. Accordingly, Mr. Johns' motion must be **DENIED**.

## FACTUAL AND PROCEDURAL OVERVIEW

From September 2021 to July 2022, officers of the Wilmington Police Department received three anonymous tips that suggested Mr. Johns sold illegal drugs and other substances out of his residence at 514 West 6th Street. The tips also revealed that Mr. Johns illegally stored multiple firearms in the residence, despite being a person prohibited from possessing them. After receiving the tips, officers of the Drug, Organized Crime, and Vice Division began surveilling Mr. Johns' residence in August 2022.

During the first week of surveillance, police observed a vehicle park in front of Mr. Johns' home. The vehicle's driver briefly met with an individual in the residence doorway before returning to his vehicle and driving away. When police stopped the vehicle moments later, the driver revealed he had just purchased illegal drugs from a friend who cuts hair at 514 West 6th Street.[1]

---

[1] The traffic stop and subsequent interaction were recorded by police body camera. The State provided the body camera footage to the Court, and the Court reviewed the footage before deciding this motion.

The next week,[2] officers observed an individual go into Mr. Johns' residence for an hour before leaving in a car with expired temporary registration tags. Police stopped the car after witnessing a traffic violation and identified the driver as Charles Webster. Mr. Webster exhibited nervous behavior throughout the stop, including heavy and exaggerated breathing, and refused to respond to police questions and commands. When police asked him to exit his vehicle, Mr. Webster told the officers he did not want to be searched and sped off. Based on this experience, police believed Mr. Webster and Mr. Johns had recently engaged in a drug transaction. Accordingly, they applied for, and received, a daytime search warrant for Mr. Johns' home.

The search of the residence proved fruitful. Police seized a firearm and $722.00 in cash from Mr. Johns' person, as well as a tier weight quantity of drugs, digital scales, and packaging materials from various bedrooms.

A New Castle County Grand Jury subsequently indicted Mr. Johns for Drug Dealing, Possession of a Firearm During the Commission of a Felony, Possession of a Firearm by a Person Prohibited, Carrying a Concealed Deadly Weapon, and Resisting Arrest. That indictment precipitated the motion to suppress currently before the Court. The State responded in opposition to the motion in May 2023, and the Court heard oral argument from the parties on May 26, 2023. The matter is now ripe for decision.

---

[2] It bears mention that one of the anonymous tips claimed Mr. Johns lived in the house with his young daughter and drove a Mercedes Benz. During the second week of surveillance, police corroborated this information and observed Mr. Johns exit the house with his daughter and operate a Mercedes.

## STANDARD OF REVIEW

A defendant who challenges the validity of a search warrant bears the burden of establishing by a preponderance of the evidence that the search violated his Constitutional rights.[3] The United States Constitution's Fourth and Fourteenth Amendments guarantee "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]"[4] A warrant may only be issued upon a showing of probable cause,[5] which is determined under a totality of the circumstances,[6] and is valid if its supporting affidavit presents "sufficient facts for a . . . magistrate to form a reasonable belief that an offense has been committed and the property to be seized will be found in a particular place."[7] The reviewing court gives great deference to the magistrate's initial finding that there was probable cause to issue the warrant and considers only the information contained in the warrant application's four corners.[8]

## ANALYSIS

The "four corners" test appears regularly in Delaware case law to support the principle that reviewing courts should consider only that information contained in the underlying affidavit in their probable cause review. In *Pierson v. State*,[9] the Delaware

---

[3] *State v. Hyland*, 2020 WL 1847475, at *2 (Del. Super. Apr. 9, 2020) (citing *State v. Jones*, 2016 WL 10998979, at *3 (Del. Super. June 2, 2016)).

[4] *Hyland*, 2020 WL 1847475, at *2; *see also* U.S. Const. amend. IV. Article I, § 6 of the Delaware Constitution contains a similar search and seizure provision that, at times, is broader than the protections afforded by the United States Constitution. For purposes of the issues raised in the motion before the Court, the protections are identical.

[5] 11 *Del. C.* §§ 2306-2307.

[6] *Hyland*, 2020 WL 1847475, at *2 (citing *Bradley v. State*, 51 A.3d 423, 431 (Del. 2012)).

[7] *Jones*, 2016 WL 10998979, at *4; *see* 11 *Del. C.* § 2306.

[8] *Hyland*, 2020 WL 1847475, at *2 (citing *Sisson v. State*, 903 A.2d 288, 296 (Del. 2006)).

[9] 338 A.2d 571 (Del. 1975).

4

Supreme Court limited probable cause review of a challenged search to the four corners of the search warrant affidavit.[10] *Pierson* explained that the Delaware criminal code "contemplate[s] a 'four-corners' test for probable cause; sufficient facts must appear on the face of the affidavit so that a magistrate's personal knowledge notwithstanding, a reviewing Court can verify the existence of probable cause."[11] The *Pierson* Court cautioned that, in applying the test, "one looks only to the 'facts recited in the complaint.'"[12]

Similarly, in *Gardner v. State*,[13] the Delaware Supreme Court reiterated the four corners test as a guiding principle for probable cause review and clarified when the test is applied. *Gardner* says that "[t]he test for determining the establishment of probable cause is applied when the evidence seized under the warrant is subject to a motion to suppress."[14] Finally, in *State v. Gillis*,[15] this Court further refined the boundaries of the four corners test and emphasized that "the sufficiency of probable cause must be determined solely from the information contained within the four corners of the affidavit itself."[16]

Mr. Johns now mounts a two-fold challenge to the warrant application. First, he maintains the tips from 2021 are too stale to be reliable. Second, he argues that, in addition to being stale, the July 2022 tip lacked requisite reliability.

---

[10] *Id.* at 573.
[11] *Id.*
[12] *Id.*
[13] 567 A.2d 404 (Del. 1989).
[14] *Id.* at 411.
[15] 1990 WL 18284 (Del. Super. Feb. 16, 1990).
[16] *Id.* at *5.

For purposes of this analysis, the Court will assume, *arguendo*, that the 2021 tips are impermissibly stale. The question before the Court then becomes whether the remaining information within the affidavit was sufficient to establish probable cause for the issuance of the warrant.

As mentioned above, the July 2022 tip came within a month of when the police began surveillance of Mr. Johns and his residence. So the Court cannot say, as a matter of law, that the tip is stale.[17] The July 2022 tip provided the following information:

> Lamotte Johns is hiding firearms and selling large quantities of marijuana and other illegal substances out of 514 W 6th Street, Wilmington Delaware. . . . Johns operates the above illegal transactions by means of his un-licensed barbershop, which he operates out of 514 W 6th Street. In addition to illegal drugs being sold, Johns sells food platters and alcohol from his residence. . . . Johns hides drugs in a bedroom closet on the 2nd floor, as well as hidden traps throughout the entire house, to include the basement. . . . Johns sells his drugs prepackaged and primarily sells during the evenings and night time. . . . Johns possesses a firearm [and] is a person prohibited from possessing a firearm due to a prior felony gun related charge.[18]

The Court agrees that this tip, in and of itself, is insufficient to justify the search warrant. But Mr. Johns' claim that it cannot be considered at all because of its supposed lack of reliability runs contrary to Delaware law.

Recently, in *Diggs v. State*,[19] the Delaware Supreme Court made clear that an

---

[17] Age alone does not determine staleness. *See United States v. Harvey*, 2 F.3d 1318, 1322 (3d Cir. 1993). "The determination of probable cause is not merely an exercise in counting the days or even months relied on and the issuance of the warrant. . . . Rather, [the Court] must also examine the nature of the crime and the type of evidence." *Id.*

[18] State's Resp. to Def.'s Mot. to Suppress Ex. A.

[19] 257 A.3d 993 (Del. 2021).

anonymous tip can be considered without a reliability analysis when the tip is corroborated by later observations of police.[20] Here, as in *Diggs*, police corroborated the July 2022 tip with facts gleaned from the two later traffic stops that flowed from the surveillance. During the first stop, the subject confessed he had just purchased drugs from his friend who "cuts hair" at 514 West 6th Street, and during the second, Charles Webster exhibited nervous behavior before stating he did not want to be searched and speeding off. Viewed in their totality, these facts provided the magistrate with sufficient probable cause to issue the warrant.

In fact, the Court is convinced the surveillance and traffic stops *alone* were sufficient to furnish the officers with probable cause to search Mr. Johns' residence, with or without the anonymous tips outlined in the warrant. So, Mr. Johns' argument that the warrant should be invalidated because it contained stale information is rejected. A warrant that, conceivably, contains some stale information is not *per se* invalid,[21] and the Court is permitted to "avoid a hypertechnical analysis of the warrant in favor of a common sense approach while drawing logical inferences."[22] That common sense approach leads the Court to its conclusion here.

---

[20] *Id.* at 1008-1009.

[21] *See Rivera v. State*, 7 A.3d 961, 970 (Del. 2010); *Lampkins v. State*, 465 A.2d 785, 791 (Del. 1983). While *Rivera* and *Lampkins* address the standard of review in the context of *Franks v. Delaware*, both cases hold that a warrant is valid by a review of the material facts contained therein after excising portions that may be invalid. *See also State v. Waters*, 2021 WL 2287456, at *1 (Del. Super. June 2, 2021) ("Initially, it should be noted that the validity of probable cause cannot be qualified by simply counting the number of days between the occurrence of the facts relied upon and the issuance of the affidavit. Together with the element of time, [the Court] must consider the nature of the unlawful activity. . . . [W]here the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant." (citations omitted)).

[22] *State v. Holton*, 2011 WL 4638781, at *6 (Del. Super. Sept. 22, 2011).

7

## CONCLUSION

For the foregoing reasons, Mr. Johns' motion to suppress is **DENIED**.

**IT IS SO ORDERED.**

/s/ <em>Francis J. Jones, Jr.</em>
Francis J. Jones Jr., Judge

Original to Prothonotary