# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. )
)
GREGORY DORSEY, )
) I.D. No. 2411002781
Defendant. )
)
)

Date Submitted: March 11, 2026
Date Decided: May 27, 2026

*Upon Defendant's Motion to Suppress*, **DENIED.**

## **MEMORANDUM OPINION**

Christina Davis, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, *Attorney for the State*.

Michael C. Heyden, Esquire, *Attorney for Defendant*.

**SCOTT, J.**

Before the Court is Gregory Dorsey's ("Defendant") Motion to Suppress and Dismiss Pursuant to a *Franks* Hearing. Defendant argues that the arrest-warrant affidavit lacks probable cause because it contains material omissions. The State disagrees. For the following reasons, Defendant's Motion to Suppress and Dismiss Pursuant to a *Franks* Hearing is **DENIED**.

## FINDINGS OF FACT

The facts are drawn from those presented at the suppression hearing on March 4, 2026. The State presented testimony from Detective Deveraux, a Wilmington Police Department (the "WPD") officer of 12 years with training in drug-related crimes, and Chief Investigating Officer in this case.

In September 2024, the WPD started investigating a tip from a past, proven, and reliable confidential informant ("CI") that Defendant was dealing drugs out of a property located at 1021 North Lombard Street ("1021 North Lombard"). As a part of its investigation, WPD officers and the CI executed a controlled purchase at 1021 North Lombard. In addition, during an unrelated vehicle stop, a WPD detective discovered drugs, which the driver of the vehicle purchased from a "male on Lombard Street." The WPD secured a search warrant based on these facts for 1021 North Lombard on October 30, 2024.[1]

---

[1] Defendant also argued in his briefing that the search warrant contained material omissions as the search-warrant affidavit did not contain information that the CI was a past, proven, and reliable source, or that the CI was under constant surveillance when the alleged transactions occurred. At

On November 6, 2024, detectives in the WPD's Drug, Organized Crime, and Vice Division ("DOCV") conducted surveillance on North Lombard before executing the search warrant. During surveillance, detectives watched Defendant exit and enter a green 2003 Honda Pilot ("Honda") parked on the 1000 block of North Lombard. At 9:37 a.m., detectives observed Defendant engage in a hand-to-hand transaction with an unknown individual. Detectives saw Defendant holding a clear sandwich bag containing an off-white, chunky substance. A few minutes later, Defendant entered the passenger side of the Honda and conduct what appeared to be a hand-to-hand transaction with an unknown individual on a bicycle. At 10:02 a.m., Defendant met with another unknown individual and engaged in what appeared to be a third hand-to-hand transaction. Defendant entered and exited the Honda multiple times throughout this period.

Thirty minutes later, detectives approached Defendant and two others standing on the northwest corner of Shearman Street and North Lombard; all three individuals fled. While detectives tried to detain Defendant, a clear plastic bag

---

the March 4 hearing, the evidence established that: Defendant did not own or lease 1021 North Lombard, Defendant's listed address is 937 East 17th Street, and Defendant's only connection to 1021 North Lombard is that he "operated" out of the property. Consequently, the Court asked for supplemental responses as to whether Defendant had standing to challenge the search warrant for 1021 North Lombard. Defendant conceded that there is no evidence of a legitimate expectation of privacy in 1021 North Lombard. *See Everett v. State*, 186 A.3d 1224, 1230 (Del. 2018) (quoting *Kyllo v. United States*, 533 U.S. 27, 33 (2001)). Hence, any argument contesting the validity of the 1021 North Lombard search warrant and its implication on the arrest warrant at issue is now moot.

containing an off-white, chunky substance fell from Defendant's person. Following a struggle, detectives were able to secure and arrest Defendant using a tazer.

Once Defendant was in custody, officers searched Defendant's person, finding Defendant's license, a firearm, and a red lanyard holding car keys to the Honda. Defendant was then transported to the hospital to be treated for injuries incurred in the struggle to detain him. While at the hospital, Defendant ingested two bags of heroin and was found in possession of another bag suspected to be heroin or fentanyl.

Meanwhile, around 10:40 a.m., a WPD K9's open-air drug sniff of the Honda resulted in a positive indication. The detectives confirmed that the Honda belonged to Defendant by a DELJIS search and from a neighbor across the street. Given this information, Detective Deveraux applied for a warrant to search the Honda. The search of the Honda revealed drug paraphernalia, drugs, and another firearm. The detectives also searched 1021 North Lombard and discovered additional drug paraphernalia, drugs, and a firearm. Detective Deveraux authored and filed an arrest-warrant affidavit on November 7, 2024, based on the preceding events.

On March 3, 2025, Defendant was indicted by a grand jury for one count possession of a firearm by a person prohibited, two counts possession of ammunition by a person prohibited, one count for carrying a concealed deadly weapon, one count for possession of a firearm during the commission of a felony, one count for resisting

arrest, one count for offensive touching of a law enforcement officer, six counts for felony possession of a controlled substance, one count for possession of marijuana, one count for misdemeanor possession of a controlled substance, and one count for possession of drug paraphernalia.

On January 5, 2026, Defendant filed a Motion to Suppress and Dismiss Pursuant to a *Franks* Hearing. The State filed a response on February 10, 2026, proffering that the arrest-warrant affidavit establishes that probable cause existed, and that the alleged material omissions were not necessary to establish probable cause. The Court held a hearing on Defendant's motion on March 4, 2026.

## STANDARD OF REVIEW

To "justify a warrantless search and seizure, the State must establish by a preponderance of the evidence that the officer's actions complied 'with the requirements of the United States Constitution, the Delaware Constitution, and any applicable statutes.'"[2] "At a suppression hearing, the Court sits as the finder of fact and evaluates the credibility of the witnesses."[3]

---

[2] *State v. Brown*, 287 A.3d 1222, 1229–30 (Del. Super. 2023) (quoting *State v. Garnett*, 2021 WL 6109797, at *3 (Del. Super. Dec. 23, 2021)).
[3] *Id.* at 1230.

**DISCUSSION**

Under the Fourth Amendment of the United States Constitution and Article I, § 6 of the Delaware Constitution, individuals have a right to be free from unreasonable searches and seizures.[4]

Defendant asks the Court to either dismiss the charges or grant a *Franks* hearing, arguing that the arrest warrant lacked probable cause because the police omitted material facts from the arrest-warrant affidavit. According to Defendant, these facts include the detectives' failure to detain and question the purchasers from the hand-to-hand transactions to "confirm that a narcotics transaction" occurred. Defendant's argument lacks merit.

I. **A *Franks* hearing is unnecessary based on the sequence of Defendant's arrest and the arrest-warrant affidavit.**

In *Rivera v. State*, the Delaware Supreme Court held:

> if the police omit facts from a search warrant affidavit that are material to a finding of probable cause with reckless disregard for the truth, then the rationale of *Franks v. Delaware* applies, and the evidence obtained as a result of that search warrant must be suppressed. To succeed on a reverse-*Franks* claim, a defendant must show by a preponderance of the evidence that the police knowingly and intentionally, or with reckless disregard for the truth, omitted information from the search warrant affidavit that was material to a finding of probable cause.[5]

First, it is important to note that WPD detectives made a warrantless arrest of Defendant *before* Detective Deveraux drafted and filed the arrest-warrant affidavit

---

[4] *Pollard v. State*, 284 A.3d 41, 46 (Del. 2022).
[5] 7 A.3d 961, 968 (Del. 2010) (internal quotation marks and citations omitted).

at issue here. In *Gordon v. State*, the Delaware Supreme Court considered whether it was error for the trial court to consider facts outside of an arrest-warrant affidavit that was filed *after* the warrantless arrest of the defendant.[6] Generally, the "four corners" doctrine is applied by Delaware courts to determine whether the information within the four corners of a warrant affidavit establish probable cause for a search or seizure.[7] But the *Gordon* Court held that the "four corners" analysis does not extend to "arrest-warrant affidavits that are drafted and filed following a warrantless arrest" that is supported by probable cause.[8] The Court reasoned that a "four corners" analysis is unnecessary for a warrantless arrest because there is no "warrant issued in reliance upon [an] affidavit."[9]

The Court finds that any purported material omissions are irrelevant given that Defendant was arrested without a warrant on November 6, 2024, and the arrest-warrant affidavit was filed November 7, 2024. As such, the arrest warrant here was not issued in reliance on the arrest-warrant affidavit that ultimately led to Defendant's arrest. Moreover, even if the Court were to consider the merits of Defendant's reverse-*Franks* claim, there is no showing that the detectives acted

---

[6] *Gordon v. State*, 245 A.3d 499, 512 (Del. 2021).
[7] *Pierson v. State*, 338 A.2d 571, 573–74 (Del. 1975).
[8] *Gordon*, 245 A.3d at 515.
[9] *Id.* at 514; *see also Pierson*, 338 A.2d at 574 (reasoning that review of a warrant affidavit should be limited to the four corners of the warrant affidavit to ensure that "the reviewing court may determine whether the constitutional requirements have been met without reliance upon faded and often confused memories") (internal quotation marks and citations omitted).

recklessly. Defendant cites no authority supporting the assertion that it is "clearly critical" for trained detectives, who directly observe hand-to-hand transactions, to detain the purchasers and confirm the transaction involved drugs to establish probable cause.[10] Thus, there are no grounds for a *Franks* hearing and the warrantless arrest of Defendant is otherwise supported by probable cause.

## II. The warrantless arrest was constitutional.

Delaware law enforcement officers may make a warrantless arrest for a felony when "[t]he officer has reasonable ground to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed[.]"[11] In other words, a warrantless arrest is constitutional if an officer has probable cause.[12] "To establish probable cause, the police are only required to present facts which suggest, when those facts are viewed under the totality of circumstances, that there is a fair probability that the defendant has committed the crime."[13]

Here, the totality of circumstances supports the conclusion that WPD detectives had reasonable grounds to believe that Defendant committed a felony. On the day of Defendant's arrest, the WPD already had a search warrant for, and were conducting surveillance of, 1021 North Lombard based on the CI's tip that

---

[10] *Rivera*, 7 A.3d at 969 (holding that a reverse-*Franks* claim first requires a showing of reckless disregard before determining whether the omission was material).

[11] 11 *Del. C.* § 1904(b)(1); *see also Juliano v. State*, 260 A.3d 619, 628 (Del. 2021).

[12] *Juliano*, 260 A.3d at 628 (quoting *Thompson v. State*, 539 A.2d 1052, 1055 (Del. 1988)).

[13] *Id.* at 629 (quoting *Jackson v. State*, 643 A.2d 1360, 1365 (Del. 1944), *cert. denied*, 513 U.S. 1136 (1995)) (internal quotation marks omitted).

Defendant was dealing drugs out of the property. The surveillance was conducted by DOCV detectives. The detectives observed three different hand-to-hand transactions between Defendant and three unknown individuals in less than an hour. During one of the transactions and when Defendant was detained, detectives observed a plastic bag containing an off-white, chunky substance, believed to be cocaine. Further, Defendant fled when detectives approached him and attempted to fight off the detectives. These facts as presented by Detective Deveraux at the hearing objectively suggest that there was a fair probability Defendant committed a crime.

In sum, the Court rejects Defendant's argument that the arrest-warrant affidavit contained material omissions because Defendant was arrested without a warrant based on probable cause that he was committing a crime.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress and Dismiss Pursuant to a *Franks* Hearing is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.