**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2090-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ISCON MOYE, a/k/a BIRTH
ISCON MOYE, JR., ISCON J.
MOYE, ISON MOYE, RICKY
I. MOYE, RICKY MOYE, and
DAVID WASHINGTON,

    Defendant-Appellant.

_____

        Submitted December 18, 2025 – Decided March 26, 2026

        Before Judges Marczyk and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 22-03-0503 and 22-03-0514.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Colin Sheehan, Assistant Deputy Public Defender, of counsel and on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Ashlea D. Newman, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Following an unsuccessful motion to suppress evidence seized pursuant to a search warrant, defendant Iscon Moye entered a negotiated guilty plea to fourth-degree possession of prohibited weapons and devices, N.J.S.A. 2C:39-3(f)(1); and second-degree possession of a firearm while committing a controlled dangerous substance (CDS) offense, N.J.S.A. 2C:39-4.1(a). He was sentenced in accordance with the plea agreement to an aggregate five-year prison term, with a forty-two-month parole ineligibility term in accordance with the Graves Act, N.J.S.A. 2C:43-6.

Defendant now appeals from the July 1, 2022 Law Division order denying his suppression motion,[1] raising the following point for our consideration:

> THE EVIDENCE SEIZED FROM THE APARTMENT MUST BE SUPPRESSED BECAUSE THE SEARCH WARRANT WAS NOT SUPPORTED BY PROBABLE CAUSE SPECIFIC TO THE APARTMENT.

---

[1] Although defendant's notice of appeal also lists the November 30, 2022 order denying his motion for reconsideration, his brief does not address this order. "An issue not briefed on appeal is deemed waived." Woodlands Cmty. Ass'n, Inc. v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017) (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011)).

2                                                                    A-2090-23

Based on our review of the record and the applicable legal principles, we affirm.

I.

As reflected in Judge Michael L. Ravin's opinion, the following facts are taken from Irvington Police Department Patrolman Daditte Albert's certification in support of the search warrant. In November 2021, Patrolman Albert received information from a citizen, who wished to remain anonymous, regarding CDS being sold from a Paine Avenue apartment. The citizen stated the seller, who used the alias of "Ice," manufactured cocaine, heroin, and prescription legend drugs from the apartment. The citizen said Ice delivered the CDS to customers using a black Jeep SUV and blue Chrysler minivan, and pointed out the two vehicles parked on Paine Avenue. The citizen also provided Ice's cell phone number and Facebook account, and confirmed Ice's photograph in postings to the account.

Patrolman Albert checked the vehicles' license plates, both of which were registered in Pennsylvania, and discovered they were registered to defendant. He also confirmed defendant's driver's license photograph was consistent with the photographs of Ice posted on the Facebook account.

3

Albert searched defendant's name in a police database and found he had driven another vehicle, a Nissan, which was towed during a narcotics arrest in April 2015. The Nissan was owned by Yvette Freeman who, according to the motor vehicle database, resided in the same Paine Avenue apartment identified by the citizen informant. Albert viewed Freeman's Facebook account, which contained photographs of her and defendant in what appeared to be a dating relationship.

Patrolman Albert and other officers then conducted surveillance both inside and outside the Paine Avenue apartment building. The windows of defendant's apartment were visible to the officers from the street. They observed both defendant and Freeman exiting the apartment, and then defendant entering the apartment later that day.

Law enforcement organized and conducted two controlled buys using a confidential informant who had been reliable in past narcotics investigations. During both controlled buys, Patrolman Albert observed defendant exit the Paine Avenue apartment, drive to the meeting location, and conduct a CDS transaction with the confidential informant. Defendant drove the Jeep SUV during the first transaction and the Chrysler minivan during the second. After both buys, the confidential informant reported handing Ice money in exchange

4

for oxycodone pills, which Ice removed from the vehicle's center console and handed to the confidential informant.

Albert certified that based on this information, along with his knowledge and experience in criminal investigations, he had probable cause to believe CDS and other evidence related to CDS distribution may be found in the Paine Avenue apartment, the Jeep SUV, and the Chrysler minivan. On December 14, 2021, a judge issued the search warrant.

The search of the apartment yielded: 388 oxycodone hydrochloride pills; thirteen Xanax pills; two nine-millimeter handguns; three extended handgun magazines; forty-eight rounds of ammunition; two cell phones; $50,468 in paper currency; a bag containing clear jugs; rubber bands; a stamp; and plastic bags.[2]

An Essex County grand jury returned a ten-count indictment against defendant, charging him with CDS and weapons offenses. In a separate two-count indictment, defendant was charged with additional weapons offenses.

Defendant filed a motion to suppress the evidence seized from the apartment, arguing the warrant was unsupported by probable cause because there was no nexus between the controlled buys and the residence. In a

---

[2] Detectives seized plastic bags with a residue and an empty bag from the Jeep SUV and one oxycodone pill from the Chrysler minivan. Defendant did not seek suppression of the items seized from the search of the vehicles.

A-2090-23

comprehensive opinion, Judge Ravin detailed the foregoing facts contained in the certification in support of the search warrant, discussed governing case law, and determined the totality of the circumstances supported a finding of probable cause.

II.

Our federal and state constitutional jurisprudence favors searches conducted pursuant to a search warrant, requiring the State to set forth detailed information to a neutral magistrate establishing a showing of probable cause. State v. Evers, 175 N.J. 355, 381 (2003); State v. Marshall, 123 N.J. 1, 71 (1991). A search warrant not supported by probable cause is deemed unreasonable and is prohibited by the Fourth Amendment. Marshall, 123 N.J. at 71.

Our review of the legal propriety of the issuance of a search warrant "accord[s] substantial deference to the discretionary determination resulting in the issuance of the warrant." Id. at 72. Stated differently, reviewing courts grant substantial deference to a judge's finding of probable cause to issue a search warrant. Evers, 175 N.J. at 381.

If the court has any "[d]oubt as to the validity of the warrant," such doubt "should ordinarily be resolved by sustaining the search." State v. Keyes, 184 N.J. 541, 554 (2005) (quoting State v. Jones, 179 N.J. 377, 389 (2004)). Courts

A-2090-23

have long held "a search executed pursuant to a warrant is presumed to be valid and that a defendant challenging its validity has the burden to prove 'that there was no probable cause supporting the issuance of the warrant or that the search was otherwise unreasonable.'" Jones, 179 N.J. at 388 (quoting State v. Valencia, 93 N.J. 126, 133 (1983)).

"When reviewing a trial court's decision to grant or deny a suppression motion, appellate courts '[ordinarily] defer to the factual findings of the trial court so long as those findings are supported by sufficient evidence in the record.'" State v. Smart, 253 N.J. 156, 164 (2023) (alteration in original) (quoting State v. Dunbar, 229 N.J. 521, 538 (2017)); see also State v. Kasabucki, 52 N.J. 110, 116 (1968) ("[W]hen the adequacy of the facts offered to show probable cause is challenged after a search made pursuant to a warrant, and their adequacy appears to be marginal, the doubt should ordinarily be resolved by sustaining the search."). "But when the facts are undisputed . . . and the judge interprets the law on a non-testimonial motion to suppress, [an appellate court's] review is de novo." Smart, 253 N.J. at 164.

"Both the Fourth Amendment of the United States Constitution and Article I, paragraph 7 of the New Jersey Constitution provide in nearly identical language that 'no warrant shall issue except upon probable cause, supported by

oath or affirmation, and particularly describing the place to be searched and the papers and things to be seized.'" State v. Marshall, 199 N.J. 602, 610 (2009) (quoting N.J. Const. art. I, ¶ 7). A valid warrant requires "probable cause to believe that a crime has been committed, or is being committed, at a specific location or that evidence of a crime is at the place sought to be searched." State v. Sullivan, 169 N.J. 204, 210 (2001); see also State v. Chippero, 201 N.J. 14, 28 (2009) (explaining there must be "substantial evidence" supporting a court's probable cause determination "the items sought are in fact seizable by virtue of being connected with criminal activity, and . . . the items will be found in the place to be searched") (quoting 2 Wayne R. LaFave, Search and Seizure § 3.1(b) (4th ed. 2004)).

"Probable cause for the issuance of a search warrant requires 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" Chippero, 201 N.J. at 28 (quoting United States v. Jones, 994 F.2d 1051, 1056 (3d Cir. 1993)). "[T]he probable cause determination must be . . . based on the information contained within the four corners of the supporting affidavit, as supplemented by sworn testimony before the issuing judge that is recorded contemporaneously." Marshall, 199 N.J. at 611 (quoting Schneider v. Simonini, 163 N.J. 336, 363 (2000)). This is because "the scope of a lawful search is

A-2090-23

'defined by the object of the search and the places in which there is probable cause to believe that it may be found.'" Ibid. (quoting Maryland v. Garrison, 480 U.S. 79, 84 (1987)).

With these governing standards in mind, we are satisfied Patrolman Albert's certification provided sufficient facts supporting a finding of probable cause to search the apartment. Acting on a citizen report of CDS distribution, the officer verified defendant resided in the apartment and was the registered owner of the vehicles identified by the citizen. He also confirmed defendant appeared to be the individual on the Facebook account provided by the citizen. After conducting surveillance to verify defendant resided in the apartment, police utilized a reliable confidential informant to execute two controlled buys of oxycodone from defendant. On both occasions, Patrolman Albert observed defendant exit the apartment and drive one of the vehicles to conduct the transaction.

We are unpersuaded by defendant's contention the information provided by the citizen informant and the observations by law enforcement were untethered to evidence of CDS in the apartment. Although the controlled buys did not take place in defendant's residence, he was observed leaving the apartment directly before going to the specified location for the CDS

9

transaction. A reasonable inference is the CDS came from within the apartment. Thus, Patrolman Albert's certification established a fair probability contraband would be found there.

For the first time on appeal, defendant argues the search warrant should not have issued because the certification provided stale information based on the timing of the controlled buys. We ordinarily decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated, or the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also State v. Witt, 223 N.J. 409, 418-19 (2015). Neither circumstance is present in this matter.

Nevertheless, we note the citizen informant provided the information to Patrolman Albert on November 21, 2021, the first controlled buy was conducted the following week, and the second controlled buy was conducted the week after that. Albert's certification is dated December 10, 2021, was authorized and submitted by an assistant prosecutor on December 14, 2021, and the search warrant was issued the same day. Given the nature of the criminal activity alleged, we conclude the finding of probable cause was justified at the time the warrant issued. See State v. Blaurock, 143 N.J. Super. 476, 479 (App. Div.

1976) (upholding search warrant issued eighteen days after surveillance of ongoing CDS distribution).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

11